MONARK BOAT COMPANY, Petitioner,

v.

NATIONAL LABOR RELATIONS
BOARD, Respondent.

No. 82–1962.

United States Court of Appeals,
Eighth Circuit.

Submitted April 13, 1983.
Decided June 6, 1983.
Rehearing Denied July 5, 1983.

Tim Boe, Jim Hunter Birch, Rose Law Firm, P.A., Little Rock, Ark., for petitioner Monark Boat Co.

William A. Lubbers, Gen. Counsel, John E. Higgins, Jr., Deputy Gen. Counsel, Robert E. Allen, Associate Gen. Counsel, Elliott Moore, Deputy Associate Gen. Counsel, David A. Fleischer, Atty., N.L.R.B., Washington, D.C., for respondent.

Before ARNOLD, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and BENNETT,* Circuit Judge.

FLOYD R. GIBSON, Senior Circuit Judge.

Monark Boat Company petitions for review of an NLRB order dismissing Monark's application for $19,000 in attorneys' fees as the prevailing party against the NLRB in an underlying unfair labor practice case. Monark's application was brought under 5 U.S.C. § 504 (Supp. V. 1981) of the recently enacted Equal Access to Justice Act (EAJA), P.L. 96–481, Title II, 94 Stat. 2325 (1980)[1]. The Board, adopting

---

* Honorable Marion T. Bennett, United States Circuit Judge for the Federal Circuit, sitting by designation.

1. The EAJA includes two nearly identical provisions: (1) 5 U.S.C. § 504 provides that *an agency* shall award fees and expenses to a prevailing party in connection with an agency adversary adjudication "unless the adjudicative officer of the agency finds that the position of the agency as a party to the proceeding was sub-stantially justified ..." 5 U.S.C. § 504(a)(1); (2) 28 U.S.C. § 2412 provides that *a court* shall award fees and expenses to a prevailing party in a civil action against the United States "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A).

an Administrative Law Judge's findings and decision, dismissed Monark's application as untimely because it was not received by the Board within the prescribed thirty-day time period under 5 U.S.C. § 504(a)(2) of the EAJA. We affirm the decision of the Board.

## I.

Section 5 U.S.C. § 504(a)(2) provides that "[a] party seeking an award of fees and other expenses shall, within thirty days of a final disposition in the adversary adjudication, submit to the agency an application which shows that the party is a prevailing party and is eligible to receive an award under this section . . ." The Board has promulgated interpretive rules and regulations for this statutory time period. Under 29 C.F.R. § 102.148(a) (1982),[2] the Board has provided that the application for attorneys' fees must be "filed . . . 30 days after the entry of the Board's final order in the [adversary adjudication proceeding]." "Filing" is accomplished when the Board receives the document to be filed. 29 C.F.R. § 102.114(b).[3] Also involved in this appeal is another Board regulation, 29 C.F.R. § 102.114(a),[4] which provides that "whenever a party . . . is required to do some act . . . within a prescribed period after *service* of a notice or other paper is served on him by mail or by telegraph, 3 days shall be added to the prescribed period." (Emphasis added.)

In the present case, the Board entered its final order in the underlying adversary proceeding on October 5, 1981, triggering the running of the thirty-day limitation period under the EAJA as interpreted by 29 C.F.R. § 102.148(a). The Board found that although Monark mailed its application for attorneys' fees on November 5, 1981, the Board did not receive the application until November 6, 1981, thirty-one days after the entry of final order in the underlying proceeding. The Board, therefore, applying 5 U.S.C. § 504(a)(2) as interpreted by Board regulation 29 C.F.R. § 102.148(a), dismissed the application as untimely because it was not received by the Board within thirty days of the Board's order in the underlying adversary proceeding. In doing so, the Board interpreted the thirty-day time limitation under § 504(a)(2) as a jurisdictional requirement, which could not be extended. The Board accordingly declined to apply its regulation 29 C.F.R. § 102.114(a) so as to give Monark an additional three days to file its application for attorneys' fees. The Board also noted that the three-day extension under § 102.114(a) applies only where a party must act within a certain time period "after service." Here, it was not the service but the entry of the Board's final order that marked the beginning of the application filing period under § 102.148(a). Finally, the Board declined to apply the "substantial compliance" doctrine so as to excuse Monark's late filing.

**2.** 29 C.F.R. § 102.148(a) provides:
    An application may be filed after entry of the final order establishing that the applicant has prevailed in an adversary adjudication proceeding or in a significant and discrete substantive portion of that proceeding, but in no case later than 30 days after the entry of the Board's final order in that proceeding. The application for an award shall be filed in triplicate with the Board in Washington, D.C., together with a certificate of service. The application shall be served on the regional director and all parties to the adversary adjudication in the same manner as other pleadings in that proceeding, except as provided in § 102.147(g)(1) for financial information alleged to be confidential.

**3.** 29 C.F.R. § 102.114(b) provides:
    When the act or any of these rules require the filing of a motion, brief, exception, or

other paper in any proceeding, such document must be received by the Board or the officer or agent designated to receive such matter before the close of business of the last day of the time limit, if any, for such filing or extension of time that may have been granted.

**4.** 29 C.F.R. § 102.114(a) provides, in relevant part:
    Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after service of a notice or other paper upon him, and the notice or paper is served upon him by mail, 3 days shall be added to the prescribed period: *Provided, however,* That 3 days shall not be added if any extension of such time may have been granted.

## II.

Initially, Monark challenges the Board's finding that the application for attorneys' fees was received on November 6, 1981. Monark asserts, for the first time on this appeal, that its application was received by the Board in Washington, D.C. on November 5, 1981, which was thirty days after the issuance of the Board's order in the underlying proceeding. In support of this claim, Monark asserts that it shipped the application, via express air delivery, from Little Rock, Arkansas on November 5, 1981. Monark has provided no evidence as to when the express delivery company actually delivered the application. Monark also refers to, as newly discovered evidence, the Board's certified list and chronological list of relevant docket entries, which give November 5 as the date of Monark's application for attorneys' fees. Monark suggests that the Board abused its discretion in failing to *sua sponte* check its files and consider these lists.

Under 5 U.S.C. § 504(c)(2) of the EAJA, a reviewing court may set aside the Board's decision dismissing Monark's application only if the Board abused its discretion. Moreover, this circuit has long recognized that "every presumption of regularity attends the action of the Board." *Cupples Co. v. NLRB*, 103 F.2d 953, 958 (8th Cir.1939). In this case, we do not believe Monark has shown that the Board abused its discretion in finding that the application was received on November 6, 1981.

■ In the Board's order of November 17, 1981, referring this case to the ALJ, the Board stated that Monark's application for attorneys' fees had been received on November 6. Monark never challenged this statement during the administrative proceedings before the Board. Generally, an issue cannot be raised in a judicial enforcement proceeding unless it was first raised before the Board, absent a showing of "extraordinary circumstances." *See* National Labor Relations Act § 10(e) (29 U.S.C. § 160(e)).[5]

■ However, even assuming the alleged previous unavailability of the Board's certified list and its chronological list of relevant documents constitutes an "exceptional circumstance" for failing to raise this claim before the Board, we do not believe the lists establish that the Board abused its discretion in finding that Monark's application was received on November 6, 1981. First, although the lists give November 5 as the date of application for attorneys' fees, they do not state that the application was received on that date. The clerical employee who prepared the lists had no way of knowing when the application was received and she stated in her affidavit that she simply listed the date appearing on the certificate of service. Also, the files in the Executive Secretary's office confirm that the application was received on November 6. Moreover, the Board's finding that the application was received on November 6 is entirely plausible in view of the undisputed fact that Monark shipped its application from Little Rock, Arkansas on November 5, 1981. Monark has offered no evidence that an application shipped from Little Rock, even by express service, would normally reach the Board's offices in Washington, D.C. on the same day during regular business hours. More specifically, Monark failed to provide the express delivery company's delivery records showing that there was "same day delivery." We therefore conclude that Monark has failed to provide a basis for overturning the Board's finding that the application was received on November 6, 1981.

## III.

Monark alternatively contends that the Board frustrated the purpose underlying

5. While no similar provision is contained in the EAJA, it is clear that, even in the absence of such a provision, "courts should not topple over administrative decisions unless the administrative body not only has erred but has erred against objection made at the time appropriate under its practice." *United States v. L.A. Tucker Truck Lines, Inc.*, 344 U.S. 33, 37, 73 S.Ct. 67, 69, 97 L.Ed. 54 (1952). Nothing in the legislative history of the EAJA suggests that the doctrine of exhaustion of administrative remedies is to be inapplicable to cases arising under the EAJA.

the EAJA in strictly interpreting the thirty-day time limitation provision as a jurisdictional requirement. Monark suggests that although the EAJA is a waiver of sovereign immunity it is also a broad remedial statute aimed at encouraging private parties to challenge government actions that are not "substantially justified"; as such, its thirty-day time limitation provision should be liberally construed.

Specifically Monark urges that the Board erred in interpreting 5 U.S.C. § 504(a)(2) to require that Monark's application be "filed"—*i.e.*, received by the Board—within thirty days of the entry of the final order in the underlying proceeding. 29 C.F.R. §§ 102.148(a), 102.114(b). First, Monark suggests that, applying a liberal construction to the EAJA, "final disposition," the event beginning the thirty-day count under § 504(a)(2), occurred when Monark received notice of the Board's final order, not when the Board issued its final order in the underlying proceeding. Accordingly, Monark claims that under Board regulation 29 C.F.R. § 102.114(a), it was entitled to an additional three days to file its application for attorneys' fees. Second, Monark urges that the requirement of § 504(a)(2) that "a party ... *submit* to the agency [its] application," was accomplished when Monark "served or tendered" the application, which under Board regulation 29 C.F.R. § 102.-113(a) [6] occurred "the day when the matter served is deposited in the United States mail." Hence, Monark concludes that it "submitted" its application to the Board on November 5, 1981, the date the application was placed in the hands of the express delivery service, and not on November 6, 1981, when the Board received the application. Monark finally contends that its late filing should have been excused because it substantially complied with the statutory time limit.

▮ Initially, addressing the threshold question, we conclude that the Board's interpretation of the EAJA's thirty-day time limitation provision as a jurisdictional requirement is a reasonably defensible interpretation; it neither conflicts with the EAJA's express statutory mandate nor frustrates the Congressional policy underlying the EAJA. *See Labor Board v. Brown,* 380 U.S. 278, 291, 85 S.Ct. 980, 988, 13 L.Ed.2d 839 (1965); *Ford Motor Company v. NLRB,* 441 U.S. 488, 497, 99 S.Ct. 1842, 1849, 60 L.Ed.2d 420 (1979). In so concluding, we are mindful of the Supreme Court's statement in *NLRB v. Iron Workers,* 434 U.S. 335, 351, 98 S.Ct. 651, 660, 54 L.Ed.2d 586, that courts should not approach "[a] statutory construction issue *de novo* and without regard to the administrative understanding of the statutes."

Here, the Board concluded and Monark does not challenge that the EAJA is a statute waiving sovereign immunity. This conclusion is entirely reasonable considering the fact that the EAJA significantly relaxed sovereign immunity in actions seeking attorneys' fees against the United States. *See* H.R. 96–1418, 96th Cong., 2d Sess. 1, 8–9 (1980), *reprinted in* 1980 U.S. Code Cong. & Ad. News, 4953, 4984, 4987. *Also see Commissioner of Highway of Town of Annawan v. United States,* 684 F.2d 443, 444 (7th Cir.1982). The disputed question in this case is whether the EAJA's time limitation provision should be strictly construed as a jurisdictional requirement.

Generally, as the Board has pointed out, waiver of sovereign immunity statutes must be strictly construed. *United States v. Sherwood,* 312 U.S. 584, 590–91, 61 S.Ct. 767, 771–772, 85 L.Ed. 1058 (1941); *United States v. Mitchell,* 445 U.S. 535, 538, 100 S.Ct. 1349, 1351, 63 L.Ed.2d 607 (1980). Accordingly, as the Court stated in *Sherwood,* 312 U.S. at 586, 61 S.Ct. at 769: "The United States, as sovereign, is immune from suit save as it consents to be sued ..., and the terms of its consent to be sued in any court define that court's jurisdiction to entertain that suit." (citations omitted). Courts have consistently held that where

---

**6.** 29 C.F.R. § 102.113(a) provides:

The date of service shall be the day when the matter served is deposited in the United States mail or is delivered in person, as the case may be. In computing the time from such date, the provisions of § 102.114 apply.

consent to be sued is conditioned upon the filing of the suit within a specified period of time, compliance with that condition is a jurisdictional prerequisite. *See Knapp v. United States,* 636 F.2d 279, 282 (10th Cir. 1980); *Mann v. United States,* 399 F.2d 672, 673 (9th Cir.1968); *Simon v. United States,* 244 F.2d 703, 705 (5th Cir.1957). As the court concluded in *Simon,* 244 F.2d at 705, where a statute authorizing suits against the United States contains a time limit for filing of such a suit, it "is not a statute of limitation but a statute granting for a limited time the right of action."

■ Moreover, the statutory language and history of the EAJA supports the Board's conclusion that the thirty-day time limitation was a mandatory, jurisdictional condition. The statute uses the mandatory language "*shall,* within thirty days ... submit" and makes no provision for exception or agency discretion. The House Conference Report accompanying the enactment of the EAJA states that the Senate bill, which was adopted by the House, contained a provision that "*requires* a party seeking an award of fees and other expenses to submit the application for them within thirty days of final judgment." H.Conf.Rep. 96–1434, 96th Cong., 2d Sess. 26 (1980), *reprinted in* 1980 U.S.Code Cong. & Ad.News 5015 (emphasis added). Also, a House Report analyzing the EAJA interpreted the language in § 2412(d)(1)(B),[7] which is substantially identical to the language in 5 U.S.C. § 504(a)(2), to mean that "a party seeking an award of fees *must* apply to the court within thirty days of final judgment." H.R. 96–1418, 96th Cong., 2d Sess. 18 (1980), *reprinted in* 1980 U.S.Code Cong. & Ad. News, 4997. (Emphasis added.)

■ Monark's characterization of the EAJA as a remedial statute does not necessarily suggest that it should be construed liberally; every waiver of sovereign immunity statute is remedial. Furthermore, Monark's reliance on *Zipes v. Trans World Airlines,* 455 U.S. 385, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982) is misplaced. *Zipes* held that the time limit for filing charges with the EEOC under Title VII of the Civil Rights Act of 1964 (42 U.S.C. 2000e–(e)) is not jurisdictional. *Id.* at 393, 102 S.Ct. at 1132. *Zipes,* however, involved an action against a private employer, not the United States. Thus, no question of sovereign immunity was presented. It has been recognized that because of the doctrine of sovereign immunity, decisions involving Title VII suits against private employers are not necessarily applicable to suits against the United States. *See Brown v. General Services Administration,* 425 U.S. 820, 833, 96 S.Ct. 1961, 1968, 48 L.Ed.2d 402 (1976).

■ Having determined that the Board's interpretation of the EAJA as a waiver of sovereign immunity to be strictly construed was reasonably defensible, we now address Monark's specific claims dealing with the Board's regulations interpreting the time limitation provisions of the EAJA. In doing so, we note that while we accord lesser deference to interpretative regulations than we do to substantive regulations issued pursuant to an express statutory authority, we nevertheless give due consideration to administrative interpretative regulations in determining legislative intent. *General Electric Co. v. Gilbert,* 429 U.S. 125, 141–142, 97 S.Ct. 401, 410–411, 50 L.Ed.2d 343 (1976); *also see Batterton v. Francis,* 432 U.S. 416, 425–26, n. 9, 97 S.Ct. 2399, 2405–2406, n. 9, 53 L.Ed.2d 448 (1977).

■ First, 5 U.S.C. § 504(a)(2) requires that the prevailing party submit its application "within thirty days of a final disposition in the adversary adjudication." Under

---

7. 28 U.S.C. § 2414(d)(1)(B) provides:

A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection, and the amount sought, including an itemized statement from any attorney or expert witness representing or appearing in behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed. The party shall also allege that the position of the United States was not substantially justified.

Board regulation 29 C.F.R. 102.148(a) (See note 2, *supra*), the Board interprets the thirty-day period as beginning to run when it issues its decision in the underlying proceeding. Monark contends, for the first time on this appeal, that the thirty-day period begins to run only when the parties receive actual notice of the Board's decision. Monark's interpretation would require the Board to read the statute to permit a filing "within thirty days *after receipt of notice* of a final disposition in the adversary adjudication." We do not believe the Board's failure to read the emphasized words into the statute was improper. Although the legislative history is silent on this question, the Board's construction is consistent with interpretations of similarly worded time limitation provisions contained in other statutes. *See United States v. Easement and Right-of-Way*, 386 F.2d 769, 771 (6th Cir.1967), *cert. denied, sub nom. Skaggs v. United States*, 390 U.S. 947, 88 S.Ct. 1034, 19 L.Ed.2d 1137 (1968) (twenty-day time limit for exceptions to TVA Commissioner's award runs from filing, not service of award); *Selco Supply Co. v. EPA*, 632 F.2d 863, 865 (10th Cir.1980), *cert. denied,* 450 U.S. 1030, 101 S.Ct. 1740, 68 L.Ed.2d 225 (1981) (sixty-day time limit for obtaining judicial review of EPA orders runs from entry of order); *Lashley v. Ford Motor Co.,* 518 F.2d 749, 750 (5th Cir.1975) (thirty-day period for filing notice of appeal from district court judgment runs from entry of judgment, not service of notice).

Monark cites *In Re Levens*, 563 F.2d 1223 (5th Cir.1977), in support of its claim that "final disposition" occurred when Monark received actual notice of final disposition. In *Levens* the court interpreted Bankruptcy Rule 403(c), which allows creditors of the bankrupt only fifteen days to file objections to a trustee's report. In *Levens*, the court determined that because the trustee had failed to file his report within the required time limit, the creditors were substantially deprived of constructive notice of that filing. The court, balancing the equities, concluded that because of the lack of constructive notice to the creditors, the fifteen-day time limit did not start until the creditors received actual notice of the trustee's filing.

*Levens* is distinguishable from the present case in three respects. First, unlike 5 U.S.C. § 504(a)(2) of the EAJA, the Bankruptcy Rule the *Levens* court was interpreting, Rule 403(c), expressly gave the court the discretion to grant additional time beyond the fifteen-day period. Second, the *Levens* court was not interpreting a time limitation provision contained in a statute waiving sovereign immunity. Third, the *Levens* court based its holding on the demonstrable prejudice to creditors resulting from the trustee's failure to file his report within the required time limit. Here, Monark has never claimed that the Board's order of October 5, 1981, was not immediately mailed to the parties.

■ We also believe the Board properly declined to apply 29 C.F.R. § 102.114(a) (*See* note 4, *supra*) to give Monark an additional three days to file its application. Applying § 102.114(a) here would, in effect, amount to an extension of the thirty-day jurisdictional time limit prescribed by the EAJA. Other courts have consistently refused to interpret Rule 6(e) of the Federal Rules of Civil Procedure, which is substantially identical to 29 C.F.R. § 102.114(a), as allowing extension of jurisdictional time limits. *United States v. Easement and Right-of-Way*, 386 F.2d at 771. *Carr v. Veterans Administration*, 522 F.2d 1355, 1357 (5th Cir.1975). Moreover, § 102.-114(a), by its terms, applies only to time periods beginning with "service of papers upon parties." As mentioned above, the Board has, pursuant to 29 C.F.R. § 102.-148(a), properly interpreted the thirty-day time period to begin upon the *entry* of the Board's final order in the underlying proceeding; nothing in § 102.148(a) or in the EAJA mentions service of papers upon parties. *See Merrill Lynch, Pierce, Fenner & Smith v. Kurtenbach*, 525 F.2d 1179, 1181 (8th Cir.1975) (Rule 6(e)'s three-day extension has no application where time period starts to run from *entry of judgment* rather than *service of notice*).

■ Furthermore, we do not believe the Board contravened Congressional intent in

interpreting the EAJA to require *receipt,* not merely mailing, of an application for attorneys' fees within thirty days after the entry of the final order in the underlying proceeding. Although 5 U.S.C. § 504(a)(2) requires that a party "submit" an application within thirty days, the legislative history is silent as to what constitutes "submit." The Board has, under 29 C.F.R. § 102.-148(a), interpreted "submit" to mean "file," which in turn means that the application must "be received by the Board" under 29 C.F.R. § 102.114(b). (*See supra,* notes 2, 3). The Board could reasonably conclude that an application has not been submitted until it is possible for the Board to act on the application—that is, when the Board receives the application. This interpretation is consistent with cases holding that a document is filed in a court only when it is received, not when it is mailed. *United States v. Easement and Right-of-Way,* 386 F.2d at 771; *In Re Bad Bubba Racing Products,* 609 F.2d 815, 816 (5th Cir.1980).[8]

■ Finally, despite Monark's claim, we do not believe the Board frustrated the purpose underlying the EAJA in declining to accept Monark's late filing on the basis of "substantial compliance" with the statutory limit. As mentioned above, the Board properly interpreted the EAJA as a waiver of sovereign immunity and, thus, interpreted the time limit set forth in the EAJA as a jurisdictional requirement. The Supreme Court has stated that "limitations and conditions upon which the Government consents to be sued must be strictly observed and exceptions thereto are not to be implied." *Soriano v. United States,* 352 U.S. 270, 276, 77 S.Ct. 269, 273, 1 L.Ed.2d 306 (1957). Accordingly, as the Board concluded, when applying time limitations contained in statutes waiving sovereign immunity, strict compliance not merely substantial compliance is required.

Affirmed.

---

**8.** Monark contends that if "submit" were interpreted as "service or tender," then 29 C.F.R. § 102.113(a) applies, which provides that "*[t]he date of service shall be the day when the matter served is deposited in the United States mail.*" However, even assuming "submit" means "service," Monark's application was not served within the meaning of § 102.113(a) because Monark failed to deposit the application "*in the United States mail.*"