COLUMBIA MANUFACTURING
CORPORATION, Petitioner,

v.

NATIONAL LABOR RELATIONS
BOARD, Respondent.

No. 82–7687.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 6, 1983.

Decided Sept. 16, 1983.

Belle C. Mason, Los Angeles, Cal., for petitioner.

David A. Fleischer, N.L.R.B., Washington, D.C., for respondent.

Before PREGERSON and NELSON, Circuit Judges, and CORDOVA,* District Judge.

PER CURIAM:

The Equal Access to Justice Act, 5 U.S.C. § 504, provides that "[a]n agency that conducts an adversary adjudication shall award, to a prevailing party . . ., fees . . . incurred by that party in connection with that proceeding, unless . . . the position of the agency as a party to the proceeding was substantially justified or . . . special circumstances make an award unjust." 5

---

* Hon. Valdemar A. Cordova, United States District Judge, District of Arizona, sitting by designation.

U.S.C. § 504(a)(1) (1982). The party seeking an award of attorneys' fees must submit an application to the administrative agency "within thirty days of a final disposition in the adversary adjudication." *Id.* § 504(a)(2).

In the instant case, Columbia Manufacturing Corporation (Columbia) filed an application for attorneys' fees thirty-three days after the Administrative Law Judge (ALJ), on motion of the NLRB's General Counsel, dismissed an unfair labor practice complaint filed against Columbia. Although the ALJ awarded Columbia attorneys' fees, the award was reversed by the NLRB on the ground that it lacks jurisdiction to award fees where the fee application was not filed within the thirty-day time limit provided in section 504.

█ Section 504(c)(2) provides that a court may modify the NLRB's fee determination "only if it finds that the failure to make an award, or the calculation of the amount of the award, was an abuse of discretion." We conclude, however, that the abuse of discretion standard does not apply in this case. Since the NLRB does not have discretion to determine its own jurisdiction, a ruling that it lacks jurisdiction involves a question of law and thus is subject to *de novo* review. *Foster v. Tourtellotte,* 704 F.2d 1109, 1111 (9th Cir.1983); *but see Monark Boat Company v. NLRB,* 708 F.2d 1322 (8th Cir.1983) (applying abuse of discretion standard to NLRB decision dismissing application for attorneys' fees as untimely).[1]

In this appeal Columbia argues that

(1) the order dismissing the unfair labor practice complaint was not final until expiration of the ten-day period for seeking NLRB review under NLRB Rule 102.27;

(2) NLRB Rule 102.114(a) adds three extra days to the limitation period because the ALJ's order was served on Columbia by mail; and

(3) the *ALJ's* dismissal of the complaint did not trigger the running of the thirty-day limitation period for filing a fee application because under NLRB Rule 102.148 the limitation period begins to run upon entry of the *Board's* order.

█ The thirty-day limitation period for submitting fee applications is jurisdictional. Thus, the NLRB's strict construction of the thirty-day time limit was correct. *See United States v. Sherwood,* 312 U.S. 584, 586, 61 S.Ct. 767, 769, 85 L.Ed. 1058 (1941) ("The United States, as sovereign, is immune from suit save as it consents to be sued ..., and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.").

█ Nor do the NLRB's rules cited by Columbia extend the limitation period. The authority to make rules of procedure relating to the exercise of jurisdiction is not an authority to enlarge that jurisdiction. *See Sherwood,* 312 U.S. at 589–90, 61 S.Ct. at 771; *Mann v. United States,* 399 F.2d 672, 673 (9th Cir.1968) (a court is not "free to enlarge [the] consent to be sued [under the Federal Tort Claims Act, 28 U.S.C. § 1346(b),] which the Government, through Congress, has undertaken so carefully to limit").

█ Since Columbia did not file its fee application within thirty days of the final disposition of the adversary adjudication, the NLRB correctly concluded that the application was filed untimely.[2]

AFFIRMED.

---

1. The abuse of discretion standard would, of course, apply to NLRB findings that result from the agency's exercise of discretion. For example, the NLRB may find that a defendant does not qualify for an award of fees under 504(a)(1) because the agency was substantially justified in bringing the adversary adjudication. *See, e.g., Hoang Ha v. Schweiker,* 707 F.2d 1104 at 1105 (9th Cir.1983); *Foster v. Tourtellotte,* 704 F.2d 1109, 1113 (9th Cir.1983).

2. Because we conclude that Columbia's application was untimely, we need not decide whether the NLRB abused its discretion when it denied Columbia's petition to increase the hourly rate of attorneys' fees above the $75-per-hour fee provided by § 504(b)(1)(A).