**LORD JIM'S, Petitioner,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent.**

No. 82–7612.

United States Court of Appeals, Ninth Circuit.

Argued Dec. 12, 1983.

Submitted Sept. 23, 1985.

Decided Oct. 1, 1985.

Thierman, Simpson & Cook, Paul V. Simpson, Robert M. Pattison, San Francisco, Cal., for petitioner.

Howard E. Perlstein, Paul Bateman, N.L.R.B., Washington, D.C., for respondent.

Before WALLACE and BOOCHEVER, Circuit Judges, and WYZANSKI,* District Judge.

BOOCHEVER, Circuit Judge:

Lord Jim's petitions ** for a review of a National Labor Relations Board (NLRB) order[1] dismissing Lord Jim's application for an award of attorney's fees under the Equal Access to Justice Act (EAJA), 5 U.S.C. § 504(c)(2) (1982).[2]  The NLRB found that the application was not filed

---

\* Honorable Charles Edward Wyzanski, Jr., Senior United States District Judge for the District of Massachusetts, sitting by designation.

\*\* Because the attorney's fees question presented by this appeal was dependent upon Lord Jim's being the prevailing party in the underlying labor dispute, 5 U.S.C. § 504(a)(1), we found it necessary to withhold submission of this case until the appeal from the decision in favor of Lord Jim's was resolved.

1. The NLRB order is reported at 264 N.L.R.B. No. 147 (1982).

2. Although the authorizing statute had a sunset provision automatically repealing the Act on October 1, 1984, it also contained an exception for any adversary adjudication. initiated before the date of repeal.  Pub.L. 96–481, Title II, § 203(c), 94 Stat. 2327 (1980).  Thus this controversy is not moot.

within the EAJA's thirty-day time limit and concluded that the filing requirement was jurisdictional. We agree that the prescribed thirty-day requirement is jurisdictional and we hold that the NLRB's regulations governing the filing of EAJA applications do not violate due process. Accordingly, we deny the petition.

## I. FACTS

On January 22, 1982, the NLRB entered a final order dismissing the underlying unfair labor practice complaint against Lord Jim's, thereby triggering the thirty-day time limit under the EAJA:

> A party seeking an award of fees and other expenses shall, within thirty days of a final disposition in the adversary adjudication, submit to the agency an application which shows that the party is a prevailing party and is eligible to receive an award under this section....

5 U.S.C. § 504(a)(2). Although Lord Jim's contends that its application for attorney's fees was mailed February 19, 1982, and was received in the NLRB Regional Office on February 22, 1982, the NLRB found that it did not receive the application in its Washington, D.C. office until February 24, 1982, more than thirty days after entry of the final disposition in the underlying proceeding.[3]

## II. STANDARD OF REVIEW

■ This court has jurisdiction over the underlying unfair labor practices adjudication under section 10(f) of the National Labor Relations Act, 29 U.S.C. § 160(f), and thus over the award of fees under the EAJA. 5 U.S.C. § 504(c)(2). We may modify an agency fee determination only if we find that the agency abused its discretion. *Id.* Lord Jim's, however, challenges the constitutionality of the NLRB's filing requirements. This due process challenge and the NLRB's conclusion that it lacked

jurisdiction involve questions of law and are subject to de novo review. *See Columbia Manufacturing Corp. v. NLRB,* 715 F.2d 1409, 1410 (9th Cir.1983) (per curiam); *but see Monark Boat Co. v. NLRB,* 708 F.2d 1322, 1326 (8th Cir.1983).

## III. PROVISION AS JURISDICTIONAL

■ Lord Jim's contends that the thirty-day filing period should be liberally construed, as if it were a statute of limitations. We disagree. The thirty-day period is jurisdictional, *see Columbia Manufacturing,* 715 F.2d at 1410, and the NLRB therefore has no authority to act on applications filed beyond this period.

## IV. NLRB REGULATIONS

■ Lord Jim's also attacks several NLRB rules and regulations as violative of due process. First, Lord Jim's argues that the NLRB's failure to notify it more promptly of the final disposition denied it its statutory rights and that the thirty-day period should not begin until the party has actual notice of the disposition. Because the EAJA time limitation is jurisdictional, the NLRB does not have the power to toll the time period until parties receive actual notice. Otherwise, the NLRB would have to read the statute to permit a filing "within thirty days *after receipt of notice* of a final disposition," *see Monark Boat,* 708 F.2d at 1327–28 (emphasis in original), and this would expand jurisdiction. In this case Lord Jim's received notice of the NLRB's decision at the latest within seven days,[4] leaving twenty-three days to file its application for fees. Thus we are not confronted with a situation involving such late notification as to deprive a party of its right to file an application. While the NLRB could notify parties of the entry of a final disposition on the date of entry, we do not

---

**3.** Lord Jim's challenges the NLRB's finding that the application was received on February 24. The NLRB, however, supplemented the record by filing a copy of the application with an NLRB time-stamped date of receipt of February 24. The NLRB relied on this evidence for its finding, and "'every presumption of regularity attends the action of the Board.'" *Monark Boat*

*Co. v. NLRB,* 708 F.2d 1322, 1325 (8th Cir.1983) (citation omitted).

**4.** Lord Jim's contends that it received notice only on January 29, but its application to the NLRB claims fees for time spent on January 27 reviewing the decision.

believe failure to do so per se violates due process.

Lord Jim's next contends that the NLRB's requirement that an EAJA application be received by the NLRB in Washington, D.C., rather than merely in a regional office, 29 C.F.R. § 102.148 (1984), violates due process by preventing equal access to statutory rights. Congress, however, in enacting the EAJA, permitted each agency to establish procedures for the processing of applications that are consistent with its existing organization. 5 U.S.C. § 504(c)(1); *see also* 46 Fed.Reg. 15,895 (1981) (Chairman of Administrative Conference noted agency regulations cannot be identical). The NLRB's requirement that EAJA applications be filed in its central office is consistent with its existing procedures and does not generally prejudice parties. We hold that the requirement as applied in this case does not violate due process.

Finally, Lord Jim's contends that the NLRB's requirement of receipt, not merely mailing, of an application for attorney's fees within thirty days after entry of the final disposition violates due process. The EAJA requires only that a party seeking attorney's fees "submit" an application within thirty days, 5 U.S.C. § 504(a)(2); neither it nor the legislative history defines the term. The NLRB, under 29 C.F.R. § 102.148(a) (1984), interpreted "submit" to mean "file," which under NLRB regulations, 29 C.F.R. § 102.114(b) (1984), means that the application "must be received by the Board...." The Eighth Circuit in *Monark Boat*, 708 F.2d at 1328–29, upheld this interpretation as consistent with cases holding that a document is filed in a court only when it is received, not when it is mailed. *See, e.g., In re Bad Bubba Racing Products, Inc.*, 609 F.2d 815, 816 (5th Cir. 1980); *United States v. Easement and Right-of-Way*, 386 F.2d 769, 771 (6th Cir. 1967), *cert. denied*, 390 U.S. 947, 88 S.Ct. 1034, 19 L.Ed.2d 1136 (1968). *But cf.* EAJA rules for the FCC, 47 C.F.R. §§ 1.4(e), 1.1521 (1984)(application to be filed in same manner as other pleadings in the proceeding); and OSHA, 29 C.F.R. §§ 2200.8(c), 2204 (1984)(filing deemed effected at the time of mailing). We agree that the NLRB's interpretation complies with due process.

Lord Jim's petition for review of the NLRB's order dismissing an application for an award under the EAJA is

DENIED.