Larry **LEGRANDE**

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES.**

**Civ. A. No. 91–2035.**

United States District Court,
W.D. Louisiana,
Alexandria Division.

Sept. 23, 1992.

Bobby L. Culpepper, Jonesboro, La., for plaintiff.

John Broadwell, Asst. U.S. Atty., Shreveport, La., for defendant.

### RULING

LITTLE, District Judge.

On September 17, 1991 plaintiff, Larry Legrande, filed a complaint against Louis Sullivan, the United States Secretary of Health and Human Services (the Secre-

tary), for improper denial of his application for disability insurance benefits. Plaintiff alleges that defendant's decision constitutes an abuse of discretion and is not supported by the evidence.

Plaintiff has exhausted his administrative remedies in this matter. The Appeals Council of the Social Security Administration denied plaintiff's request for review of the Administrative Law Judge's denial of plaintiff's claim on July 11, 1991, and this became the final decision of the Secretary, giving rise to judicial review within 60 days of receipt. Plaintiff filed a complaint to review the Secretary's denial in the United States District Court for the Western District of Louisiana on September 17, 1991. Currently before this court is defendant's motion to dismiss.

Defendant moves to dismiss this action on the ground that it is barred by the time limitation specified in section 205(g) of the Social Security Act, 42 U.S.C. 405(g), because it was not commenced within 60 days after the date the final decision of the Secretary was mailed to the plaintiff, nor within any extension of time granted by the Appeals Council. The Secretary, by regulations published December 9, 1976 in the Federal Register, 41 F.R. 53792, 20 C.F.R. § 422.210(c), has interpreted "mailing" as the date of receipt by the plaintiff of the Appeals Council's notice of denial of request for review. The date of receipt is "presumed to be five days after the date of such notice, unless there is a reasonable showing to the contrary." 20 C.F.R. § 422.210(c).

The Appeals Council denied the plaintiff's request for review on July 11, 1991. Under 20 C.F.R. § 422.210(c), plaintiff is presumed to have received the notice of denial five days later, or on July 16, 1991. Therefore, plaintiff had 60 days from July 16, 1991, or until September 16, 1991, to file a civil action with this court. The parties do not dispute that the 60 day period expired on September 16, 1991, but the plaintiff contends that under Rule 6(e) of the Federal Rules of Civil Procedure an additional three days should be added. Therefore, plaintiff argues that his filing was timely because he filed on September 17, 1991, two days before his alleged deadline of September 19, 1991.

Plaintiff's argument is unfounded. Rule 6(e) provides:

Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon the party by mail, 3 days shall be added to the prescribed period.

Fed.R.Civ.P. 6(e). However, plaintiff overlooks Rule 82 of the Federal Rules of Civil Procedure which states in pertinent part that "[t]hese rules shall not be construed to extend or limit the jurisdiction of the United States district courts or the venue of actions therein." Fed.R.Civ.P. 86. Clearly, if this court were to interpret Rule 6(e) as adding an additional three days to the period in which plaintiff may file, this court would be extending its jurisdiction in this matter. As the court stated in *Monark Boat Co. v. N.L.R.B.*, "[o]ther courts have consistently refused to interpret Rule 6(e) of the Federal Rules of Civil Procedure ... as allowing extension of jurisdictional time limits." 708 F.2d 1322, 1328 (8th Cir.1983). *Cf. Carr v. Veterans Administration*, 522 F.2d 1355, 1357 (5th Cir.1975). Therefore, plaintiff had 60 days after his presumptive receipt of notice of the Secretary's final decision, or until September 16, 1991, to file with this court. Because plaintiff did not file until September 17, 1991, defendant's motion to dismiss on the ground that this action is barred by the time limitation specified in section 205(g) of the Social Security Act, 42 U.S.C. 405(g), is GRANTED.