**Xuan Li ZHENG, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–73656.

United States Court of Appeals, Ninth Circuit.

Sept. 3, 2004.

Brian Conry, Esq., Portland, OR, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, District Counsel, Office of the District Counsel, Portland, OR, Linda S. Wernery, Esq., DOJ–U.S. department of Justice, Washington, DC, for Respondent.

Before GOULD, PAEZ, Circuit Judges, and SILVER,* District Judge.

## ORDER

Petitioner Zheng moved on July 1, 2004, for an award of attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). Respondent, the federal government, argues that the motion is untimely and must be dismissed. We agree that the motion is untimely, but for reasons explained below, we deny the motion rather than dismissing it.

After a "final judgment," a petitioner has thirty days to file a motion for attorney's fees under the EAJA. *Id.* We have interpreted "final judgment" for EAJA purposes as the date on which a petition for certiorari would be untimely. *See Al–Harbi v.. INS*, 284 F.3d 1080, 1083–1085 (9th Cir.2002). A party has ninety days to file a petition for certiorari after "the date of entry of the judgment or order sought to be reviewed."

* The Honorable Roslyn O. Silver, United States District Judge for the District of Arizona, sitting by designation.

■ *See* Sup.Ct. R. 13(3). For this reason, EAJA's 120–day clock begins to tick when our judgment or order is issued.[1] For purposes of this case, that clock began ticking February 24, 2004, when we issued our memorandum disposition. *See Zheng v. Ashcroft*, 89 Fed.Appx. 76 (9th Cir.2004) (unpublished). The 120 days to file a motion seeking attorney's fees under EAJA expired on June 23, 2004.[2]

Zheng argues that the EAJA motion "is due within 120 days after the mandate issued." We reject this contention. The Supreme Court has stated that its certiorari clock begins at the date of judgment, not at the date of mandate. *See* Sup.Ct. R. 13(3) ("[T]he time to file a petition for a writ of certiorari runs from the date of entry of the judgment ... not from the issuance date of the mandate."). Because our EAJA time period for a motion is tied to the Supreme Court's time period for a petition for a writ of certiorari, the EAJA clock must begin running at the same time as the Supreme Court's certiorari clock.[3] If we were to accept Zheng's argument, we would allow EAJA motions to be timely filed more than thirty days after the time to petition for a writ of certiorari has expired and our EAJA clock will have extended beyond the statutory deadline.[4] Following the rule in *Al–Harbi*, and reading it in light of the Supreme's Court rule for when a petition for a writ of certiorari may be timely filed, the position advocated by Zheng is impermissible.

Stated another way, the Supreme Court's explicit rule starts the time to file a petition for a writ of certiorari on the date of judgment or order to be reviewed, not on the date mandate issues. Running from the date of judgment or order, there are ninety days before that petition is untimely, rendering the order or judgment "final" for EAJA purposes. From that

1. In a reply memorandum filed July 21, 2004, Zheng contends that, for immigration cases where a petition for review is granted, the judgment or order for EAJA "final judgment" purposes is the order of the BIA upon remand. In other words, Zheng contends that the 30–day EAJA filing window begins after the BIA's decision on remand. This argument is without merit. In *Al–Harbi v. INS*, 242 F.3d 882, 886–87 (9th Cir.2001), we granted a petition for review of a decision of the BIA that denied asylum. In the subsequent discussion of EAJA timeliness, *Al–Harbi*, 284 F.3d at 1083–1085, we clearly held that the EAJA time limits begin to run upon expiration of the time to petition for a writ of certiorari following the date of our judgment, not the date of our mandate. Hence, the "judgment" that is final for EAJA fees in litigation before us is the judgment issued by this court.

2. In the July 21, 2004 reply, Zheng also claims that the possibility that we may again be petitioned to review a decision of the BIA concerning Zheng after the current remand means that we have "continuing jurisdiction" over Zheng's case. If we have "continuing jurisdiction," there has not yet been a "final judgment" for EAJA purposes. Zheng's contention about continuing jurisdiction, however, is without merit, for it would imply that every remand to a lower court or agency is not a final judgment. We have never so suggested. Here, we entered judgment and our disposition did not contain any language indicating that we retained "continuing jurisdiction" for supervisory purposes. If Zheng files a new petition for review after the final agency action on remand, it will present a new case in the Ninth Circuit, and not one where we are exercising "continuing jurisdiction."

3. Because filing a petition for rehearing or a petition for rehearing en banc tolls the time period for filing a petition for a writ of certiorari, *see* Sup.Ct. R. 13(3), it follows that the EAJA clock would be similarly tolled. But no petition for rehearing or rehearing en banc has been filed in this case.

4. This is akin to having the EAJA clock strike a "thirteenth chime," casting doubt on the premise that went before; namely that the EAJA time runs from the mandate.

date, *Al–Harbi* permits thirty days more for a motion for attorney's fees under the EAJA to be filed. This time limit of the EAJA was exceeded here, and the motion for attorney's fees under the EAJA is untimely. *See Scarborough v. Principi,* —— U.S. ——, ——, 124 S.Ct. 1856, 1865, —— L.Ed.2d —— (2004); *Yang v. Shalala,* 22 F.3d 213, 215 n. 4 (9th Cir.1994).[5] Petitioner Zheng's motion, accordingly, is denied.[6]

**DENIED.**

---

**5.** *Yang* used the phrase "jurisdictional" to describe our adherence to the EAJA's timely filing requirement. The Supreme Court has recently instructed us to avoid the phrase "jurisdictional" in this context. *See Scarborough,* —— U.S. at ——, 124 S.Ct. at 1865.

**6.** Similarly, Zheng's motion to extend time *nunc pro tunc,* filed July 16, 2004, is also denied in a concurrently filed, unpublished order. Because we here deny Zheng's EAJA motion in light of EAJA's time prescriptions, we will not extend time *nunc pro tunc* to avoid enforcement of these time limits.