**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

SASETHARAN ARULAMPALAM,

*Petitioner,*

v.

ALBERTO GONZALES,* Attorney
General,

*Respondent.*

No. 02-71267

Agency No.
A79-144-413

ORDER

Filed March 1, 2005

Before: Harry Pregerson, Ferdinand F. Fernandez, and
Marsha S. Berzon, Circuit Judges.

Order;
Concurrence by Judge Fernandez

---

## COUNSEL

Judith L. Wood and Jesse A. Moorman, Law Office of Judith
L. Wood, Los Angeles, California, for the petitioner.

Francis W. Fraser, Department of Justice, Civil Division,
Office of Immigration Litigation, Washington, D.C., for the
respondent.

---

*Alberto Gonzales is substituted for his predecessor, John Ashcroft, as
Attorney General of the United States, pursuant to Fed. R. App. P.
43(c)(2).

## ORDER

When this case was last before us, petitioner Sasetharan Arulampalam's petition for review was granted and the matter was remanded to the Board of Immigration Appeals for further proceedings. *See Arulampalam v. Ashcroft*, 353 F.3d 679 (9th Cir. 2003). On April 6, 2004, we denied respondent's petition for rehearing. On August 9, 2004, Arulampalam filed a motion for attorney's fees. Concerned that the motion was untimely, we requested briefing from the parties on the issue of timeliness. We now conclude that Arulampalam's motion, to be timely, should have been filed, rather than mailed, on or before August 4, 2004, 120 days after our denial of the petition for rehearing.

## DISCUSSION

The relevant provision of the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(B) states that: "A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses . . . ." We have held that "the 30-day period during which an applicant can file for EAJA fees begins to run only after the 90-day time for filing a petition for writ of certiorari with the Supreme Court has expired," *Al-Harbi v. INS*, 284 F.3d 1080, 1083-84 (9th Cir. 2002); that "EAJA's 120-day clock begins to tick when our judgment or order is issued," *Zheng v. Ashcroft*, 383 F.3d 919, 921 (9th Cir. 2004) (order); and that "[b]ecause filing a petition for rehearing or a petition for rehearing en banc tolls the time period for filing a petition for a writ of certiorari, *see* Sup. Ct. R. 13(3), it follows that the EAJA clock [is] similarly tolled." *Id.* at 921 n.3.

In this case, our final judgment was rendered on July 5, 2004, ninety days after we denied the petition for rehearing. The EAJA deadline in Arulampalam's case was therefore 30 days after July 5, 2004, which was August 4, 2004.

Arulampalam submits that because his motion was mailed on August 4, 2004, it qualifies as having been "submit[ted]" for the purposes of 28 U.S.C. § 2412(d)(1)(B). The Supreme Court and the Ninth Circuit have, however, both paraphrased EAJA's submission requirement to mean that the application must be *filed* within the thirty-day period. *See Scarborough v. Principi*, 541 U.S. 401, 124 S. Ct. 1856, 1860 (2004) ("Section 2412(d)(1)(B) specifies as the time for filing the application 'within thirty days of final judgment in the action.' "); *Al-Harbi*, 284 F.3d at 1082 ("Under the EAJA, applications for awards of attorneys' fees must be filed 'within 30 days of final judgment.' "). Under the Federal Rules of Appellate Procedure, filing, except for a brief or appendix, "is not timely unless the clerk receives the papers within the time fixed for filing." Fed. R. App. P. 25(a)(2)(A).

Were we writing on a blank slate, it might be reasonable to interpret "submit to the court" to mean "send to the court," rather than "file." *Cf. United States v. Ray*, 375 F.3d 980, 990 n.11 (9th Cir. 2004) ("The word 'submit' means 'to send or commit for consideration, study, or decision . . . to present or make available for use or study,' WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 2277 (1993), or 'to present or propose to another for review, consideration or decision,' MERRIAM-WEBSTER'S COLLEGIATE DICTIONARY, TENTH EDITION 1169 (1993).").

We are not presented with a *tabula rasa*, however, for interpreting 28 U.S.C. § 2412(d)(1)(B). We have held that "the thirty day limitation period under the EAJA for submitting fee applications . . . should be narrowly construed," as it is a waiver of sovereign immunity. *See Auke Bay Concerned Citizen's Advisory Council v. Marsh*, 779 F.2d 1391, 1392-93 (9th Cir. 1986).

Moreover, our precedents have upheld a National Labor Relations Board interpretation of a similarly-worded attor-

ney's fees provision contained in 5 U.S.C. § 504(a)(2),[1] which is part of EAJA. This provision states in relevant part that: "A party seeking an award of fees and other expenses shall, within thirty days of a final disposition in the adversary adjudication, submit to the agency an application . . . ." The NLRB regulation construing the provision reads:

> An application may be filed after entry of the final order establishing that the applicant has prevailed in an adversary adjudication proceeding or in a significant and discrete substantive portion of that proceeding, but in no case later than 30 days after the entry of the Board's final order in that proceeding. The application for an award shall be filed in triplicate with the Board in Washington, DC . . . .

29 C.F.R. § 102.148(a). The statutory word "submit" in this context was construed as "file" by the NLRB. *See* 46 Fed. Reg. 48086, 48086 (Sept. 30, 1981).

---

[1]That statute provides:

> A party seeking an award of fees and other expenses shall, within thirty days of a final disposition in the adversary adjudication, submit to the agency an application which shows that the party is a prevailing party and is eligible to receive an award under this section, and the amount sought, including an itemized statement from any attorney, agent, or expert witness representing or appearing in behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed. The party shall also allege that the position of the agency was not substantially justified. When the United States appeals the underlying merits of an adversary adjudication, no decision on an application for fees and other expenses in connection with that adversary adjudication shall be made under this section until a final and unreviewable decision is rendered by the court on the appeal or until the underlying merits of the case have been finally determined pursuant to the appeal.

5 U.S.C. § 504(a)(2).

In *Columbia Mfg. Corp. v. NLRB*, 715 F.2d 1409 (9th Cir. 1983) (per curiam), we concluded, in a case where a fees application was filed thirty-three days after the agency's final disposition, that "the NLRB's strict construction of the thirty-day time limit was correct." *Id.* at 1410. We later dismissed a due process challenge to the NLRB's interpretation of "submission" in *Lord Jim's v. NLRB*, 772 F.2d 1446 (9th Cir. 1985), noting that:

> The EAJA requires only that a party seeking attorney's fees "submit" an application within thirty days, 5 U.S.C. § 504(a)(2); neither it nor the legislative history defines the term. The NLRB, under 29 C.F.R. § 102.148(a) (1984), interpreted "submit" to mean "file," which under NLRB regulations . . . means that the application "must be received by the Board. . . ." The Eighth Circuit in *Monark Boat* [*Co. v. NLRB*, 708 F.2d 1322, 1328-29 (8th Cir. 1983)], upheld this interpretation as consistent with cases holding that a document is filed in a court only when it is received, not when it is mailed.

*Id.* at 1449.[2]

---

[2]*Lord Jim's* noted that contemporary Federal Communications Commissions ("FCC") and Occupational Safety & Health Administration ("OSHA") regulations applying 5 U.S.C. § 504(a)(2) were to the contrary. 772 F.2d at 1449. Both agencies appear subsequently to have amended their regulations to require filing, rather than mailing, of fee applications. With respect to the FCC, see 47 C.F.R. § 1.7 ("[P]leadings and other documents are considered to be filed with the [FCC] upon their receipt at the location designated by the Commission."); *Id.* § 1.1514(a) ("An application [under EAJA] may be filed whenever the applicant has prevailed in the proceeding or in a significant and discrete substantive portion of the proceeding, or when the demand of the [FCC] is substantially in excess of the decision in the proceeding, but in no case later than 30 days after the Commission's final disposition of the proceeding."); *Id.* § 1.1521 ("Any application for an award or other pleading relating to an application shall be filed and served on all parties to the proceeding in the same man-

In general, "[t]here is a long established set of reasons for rejecting mailbox rules and requiring receipt for critical papers where dates are jurisdictional." *Sheviakov v. INS*, 237 F.3d 1144, 1147 (9th Cir. 2001).

> [A] rule other than one based on receipt by the clerk would result in confusion and controversies; and we would have a clash of oral testimonies with the evidence in the hands of the party who claimed to have done something on time. It would be undesirable to have the date of filing be determined by an evidentiary hearing on when lawyers and their employees actually deposited papers in the mail.

*Id.* (citation and internal quotation marks omitted). While the EAJA provision at issue is not, strictly speaking, jurisdictional, *see Scarborough*, 124 S. Ct. at 1865 ("the provision's 30-day deadline for fee applications and its application-content specifications are not properly typed 'jurisdictional' "), we find no compelling reason to interpret "submit" differently from "file" for purposes of 28 U.S.C. § 2412(d)(1)(B)'s deadline. *Cf. Grivois v. Brown*, 7 Vet. App. 100, 101 (Vet. App. 1994) (interpreting 28 U.S.C. § 2412(d) (1)(B) to mean that "to timely 'submit' an EAJA application, it must be received by the Court within 30 days of final judgment." (citing *Lord Jim's*)). We therefore deny Arulam-

---

ner as other pleadings in the proceeding . . . ." ); 59 Fed. Reg. 44340, 44340 (Aug. 29, 1994) ("The [FCC] has adopted a new rule that explicitly provides that all documents are considered filed with the Commission upon receipt at the location designated by the Commission."). With respect to OSHA, see 29 C.F.R. § 2204.301 ("An EAJA application is deemed to be filed only when received by the [Occupational Safety and Health Review] Commission."); 62 Fed. Reg. 35961, 35963 (July 3, 1997) ("The [Occupational Safety and Health Review] Commission also proposed amending EAJA Rule 301 to conform to its [1991] decision . . . which held that applications for EAJA awards must be received by the Commission within thirty days of the final order date.").

palam's motion for fees under 28 U.S.C. § 2412(d) as
untimely.

In Arulampalam's response to our briefing order, counsel
made an alternative motion for attorney's fees under 28
U.S.C. § 2412(b).[3] The government contends that, under Cir-
cuit Rule 39 1.6 ("the Rule"), the "alternative motion is
clearly untimely." We agree.

The Rule states in relevant part: "Absent a statutory provi-
sion to the contrary, a request for attorneys fees . . . shall be
filed with the Clerk . . . within 14 days after the court's dispo-
sition of [a petition for rehearing]." Arulampalam relies on
*McQuiston v. Marsh*, 707 F.2d 1082 (9th Cir. 1983), to estab-
lish timeliness. *See id.* at 1084 ("Subsection (b) contains no
explicit time limit for filing an application for fees. *In the
absence of a specific time restriction*, a request is timely if
filed within a reasonable period after entry of judgment and
if it does not unfairly surprise or prejudice the affected party."
(emphasis added)). *McQuiston*'s holding was based, however,
on case law establishing that local rules trump the reasonable-
ness standard of timeliness. *See id.* (citing *Metcalf v. Borba*,
681 F.2d 1183, 1187 (9th Cir. 1982) ("*In the absence of a
controlling local rule*, we find appellee's fee request was filed
within a reasonable period after entry of judgment and was
therefore timely." (emphasis added)) and *White v. N.H. Dep't*

---

[3]This provision states:

> Unless expressly prohibited by statute, a court may award rea-
> sonable fees and expenses of attorneys, in addition to the costs
> which may be awarded pursuant to subsection (a), to the prevail-
> ing party in any civil action brought by or against the United
> States or any agency or any official of the United States acting
> in his or her official capacity in any court having jurisdiction of
> such action. The United States shall be liable for such fees and
> expenses to the same extent that any other party would be liable
> under the common law or under the terms of any statute which
> specifically provides for such an award.

28 U.S.C. § 2412(b).

*of Employment Sec.*, 455 U.S. 445, 454 (1982) ("the district courts remain free to adopt local rules establishing timeliness standards for the filing of claims for attorney's fees")). Our local rules now provide a time restriction. We therefore also deny Arulampalam's § 2412(b) motion as untimely.

**DENIED.**

---

FERNANDEZ, Circuit Judge, concurring:

I concur in the first three paragraphs, in the last two paragraphs, and in the result. Thus, I join in those portions of the Order.

PRINTED FOR
ADMINISTRATIVE OFFICE—U.S. COURTS
BY THOMSON/WEST—SAN FRANCISCO

The summary, which does not constitute a part of the opinion of the court, is copyrighted
© 2005 Thomson/West.