**PUBLIC UTILITY DISTRICT NO. 1 OF SNOHOMISH COUNTY, WASHINGTON, Petitioner,**

PacifiCorp; Avista Corporation; Portland General Electric Company; Public Utility District No. 1 of Grays Harbor County; Public Utility Commission of the State of Oregon; Puget Sound Energy, Intervenors,

v.

**BONNEVILLE POWER ADMINISTRATION, Respondent.**

No. 04–72047.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 14, 2005.

Filed Oct. 11, 2007.

822

Michael A. Goldfarb, Seattle, WA, for Petitioner.

Marcus Wood, Esq., Stoel Rives, LLP, Richard George, Portland General Electric Co., Schwabe Williamson & Wyatt Pacwest Center, Portland, OR, Gary A. Dahlke, Esq., Paine, Hamblen, Coffin, Brooke & Miller, Spokane, WA, Stephanie S. Andrus, Esq., Office of the Oregon Attorney General, Salem, OR, for Intervenors.

Stephen J. Wright, Acting Administrator, Perkins Coie, LLP, Bellevue, WA, Bonneville Power Administration BPA, General Counsel BPA, Portland, OR, for Respondent.

Before: REINHARDT, W. FLETCHER, and BYBEE, Circuit Judges.

## MEMORANDUM *

Petitioners ask us to review BPA's decision to implement a provision of the 2001 Load Reduction Agreement BPA entered into with PacifiCorp and Puget Sound Energy ("PSE"). The controversy concerns a "Reduction of Risk Discount" provision, which Petitioners term a "litigation penalty." The details of the provision are discussed in our opinion, *Public Util. Dist. No. 1 of Snohomish County v. BPA*, 506 F.3d 1145 (9th Cir.2007), filed concurrently with this memorandum, and we do not repeat them here.

Under the Northwest Power Act, we have "original subject matter jurisdiction over BPA's 'final actions and decisions' taken pursuant to the Act." *Portland Gen. Elec. v. BPA*, 501 F.3d 1009 (9th Cir.2007) (quoting 16 U.S.C. § 839f(e)(5)). We lack jurisdiction to adjudicate chal-

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

lenges to decisions taken by BPA that are not "final actions" or the implementation of a "final action." *Public Util. Dist. No. 1 of Snohomish County,* 506 F.3d at 1151. In its October 21, 2003 Record of Decision ("2003 ROD"), BPA attempted to settle all pending legal challenges to its 2000 Residential Exchange Program ("REP") Settlement Agreement. In exchange for the public utility litigants dropping their legal challenges, PacifiCorp and PSE agreed to forego the $200 million litigation contingency payment. BPA's attempt to broker a deal failed, and on January 22, 2004, BPA issued a press release stating that because the settlement failed, it would implement the $200 million "litigation penalty," the costs of which would be recouped through its wholesale power rates. Petitioners filed a timely challenge within 90–days of the January 22, 2004 press release announcing the failure of the 2003 ROD. *See Arulampalam v. Gonzales,* 399 F.3d 1087, 1090 (9th Cir.2005).[1]

■ We lack jurisdiction to entertain the petition because the issuance of the press release is neither a final action nor the implementation of a final action within the meaning of 16 U.S.C. § 839f(e)(5). The release is not a final action because the press release fails both prongs of the Supreme Court test for finality articulated in *Bennett v. Spear,* 520 U.S. 154, 177–78, 117 S.Ct. 1154, 137 L.Ed.2d 281 (1997). First, the release reveals no definitive position suggesting that BPA has completed a decision-making process. The release merely announces the failure of the "global" settlement and that "BPA will continue to implement its existing power contracts." Although Petitioners interpret this language as "implementing" the litigation penalty, we see nothing in the language suggesting that the payment structure of the "litigation penalty" would change as a result of the failed global settlement. Second, no legal consequences flow from the press release, as BPA deferred the "litigation penalty" payments before and after the settlement failed and before and after it issued the press release.

■ Similarly, the press release is not a proper challenge to the implementation of a final agency action, as Petitioners also argue. We conclude that the press release does not indicate that BPA had arrived at a " 'definitive position on the issue that inflicts an actual, concrete injury,' " *Puget Sound Energy, Inc. v. United States,* 310 F.3d 613, 624 (9th Cir.2002) (quoting *Ma v. Reno,* 114 F.3d 128, 130 (9th Cir.1997) (internal citations omitted)), as the injury (i.e., the "litigation penalty") flows from a prior 2001 Load Reduction Agreement, not the failed 2003 settlement or the press release. Additionally, the petition does not challenge BPA's application or enforcement of a contract, but rather seeks to challenge the 2001 LRA itself. As such, the petition is not a proper challenge to the implementation of a decision. Consequently, we lack jurisdiction and dismiss the petition.

**DISMISSED.**

---

1. The clerk's office received the petition for review on April 20, 2007, within the prescribed 90–day window, although it was not filed and docketed until April 27, 2007. The petition for review was timely because it was received by the clerk's office within 90 days of the issuance of the press release.