**Aleksandr Nikolaevich KASHIN, Plaintiff,**

v.

**Douglas Barry KENT, Defendant–Appellant,**

**United States of America; et al., Defendants–Appellees.**

No. 07–55881.

United States Court of Appeals, Ninth Circuit.

Argued Oct. 24, 2008.

Submitted Aug. 14, 2009.

Filed Aug. 17, 2009.

John J. Gallagher, Esquire, Ominsky & Messa, Philadelphia, PA, for Plaintiff.

J. Michael Hannon, Esquire, Hannon Law Group LLP, Washington, DC, Micaela P. Shelton, Esquire, Klinedinst P.C., San Diego, CA, for Defendant–Appellant.

Steven J. Poliakoff, Assistant U.S., Office of the U.S. Attorney, San Diego, CA, for Defendants–Appellees.

Before: PREGERSON, HALL, and N.R. SMITH, Circuit Judges.

MEMORANDUM *

Douglas Kent appeals the district court's decisions (1) rejecting his original applica-

* This disposition is not appropriate for publica-    tion and is not precedent except as provided

tion for an award of attorneys' fees and other expenses pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A), because it was filed in violation of the Southern District of California's Local Rules ("Local Rules") and (2) denying Kent's second application as untimely. Kent also appeals the district court's findings that (1) his petition for certification was an action sounding in tort, and therefore was not entitled to attorneys' fees and expenses, and (2) the Government's opposition to Kent's certification was substantially justified. We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm the district court.

The EAJA requires an application for attorneys' fees and costs to be filed within thirty days of final judgment. 28 U.S.C. § 2412(d)(1)(B). If no petition for certiorari is filed, the application is due 120 days after the appellate decision. *See Zheng v. Ashcroft*, 383 F.3d 919, 921–22 (9th Cir. 2004). Kent filed his application for an award of attorneys' fees pursuant to the EAJA on December 5, 2006, which was 117 days after the appellate decision. Kent, however, failed to comply with the Local Rules by not obtaining a hearing date and including the date and time of hearing on the cover page of his application. On December 21, 2006 (seven days after Kent was notified that his application was denied due to its deficiencies and 133 days after the appellate decision) Kent filed another application requesting that it be filed *nunc pro tunc* to December 5, 2006.

An application for attorneys' fees under the EAJA or any other filing that does not comply with Local Rules may properly be rejected. *See* CivLR 83.1(a). Because this application was properly rejected, the application filed on December 21, 2006 was untimely and therefore properly denied. The district court therefore did not abuse

by 9th Cir. R. 36–3.

its discretion in denying Kent's application. Accordingly, we need not address the other issues raised by Kent on appeal.

**AFFIRMED.**