Carolyn NEWSOME, Plaintiff–Appellant,

v.

Donna SHALALA, Secretary of The Department of Health and Human Services of The United States, Defendant–Appellee.

No. 91–8917.

United States Court of Appeals,
Eleventh Circuit.

Dec. 7, 1993.

Edward B. Claxton, III, Jones, Hilburn, Claxton & Sanders, Dublin, GA, for plaintiff-appellant.

Henry L. Whisenhunt, Jr., Asst. U.S. Atty., Augusta, GA, William Kanter, Michael E. Robinson, Civ. Div., Appellate Staff, U.S. Dept. of Justice, Washington, DC, for defendant-appellee.

Before COX, Circuit Judge, CLARK and WELLFORD *, Senior Circuit Judges.

CLARK, Senior Circuit Judge:

This is a Social Security case. Our holding in this case is limited to Social Security cases and to the narrow facts of this case. Eligibility for benefits were resolved in favor of the claimant, appellant Carolyn Newsome. Newsome filed an application for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. The district court determined that the application was time barred.

We find that the facts of this case are identical to those presented in the Supreme Court's recent decision in *Shalala v. Schaefer*,[1] decided after the district court's holding which is on review. Here, as in *Schaefer*, the district court entered a final judgment but not a judgment in accordance with Fed. R.Civ.P. 58. Therefore, the time period for filing an application for EAJA fees has not run. The narrow issue on appeal is whether the district court's order of December 4, 1990 was a judgment that started the appeal clock running as defined in *Schaefer*. We find that it was not. Accordingly, we reverse the district court's decision and remand the case for further proceedings.

## FACTS

In December 1987, appellant Carolyn Newsome filed a claim for supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. § 1381 *et seq.* The Secretary of Health and Human Services, through a decision rendered by an administrative law judge, determined that Newsome was ineligible to receive the benefits. Newsome sought judicial review of the Secretary's determination by initiating this litigation in the district court pursuant to 42 U.S.C. § 405(g). She subsequently filed a motion for summary judgment, arguing that the Secretary had committed an error of law in determining that she was ineligible for benefits. The Magistrate Judge issued a report and recommendation, concluding that the Secretary's determination as to Newsome's eligibility for benefits was erroneous; specifically, the Magistrate Judge found that "the Secretary failed to apply the correct standard of the law"[2] because he did not consider certain statutes that affected the determination. The Magistrate Judge recommended that Newsome's motion for summary judgment be denied, but that the case be remanded to the Secretary for further proceedings consistent with his report. The district court adopted the Magistrate Judge's recommendation in an order that states, in its entirety:

## ORDER

After a careful review of the file, the Court concurs with the Magistrate's Report and Recommendation to which objections have been filed. Accordingly, the Report and Recommendation of the Magistrate is adopted as the opinion of the Court. Claimant's motion for summary judgment is DENIED. This case is REMANDED to the Secretary for further proceedings.

SO ORDERED at Augusta, Georgia, this 4th day of December, 1990.[3]

There is no entry by the Clerk on the docket reflecting that final judgment had been entered.[4] Nevertheless, this order was appealable as we learn from *Schaefer*, a case decided in 1993.

On remand, the Secretary issued a decision dated April 24, 1991, favorable to Newsome, awarding her the requested benefits. On May 13, 1991, Newsome filed a motion in the district court requesting entry of final judgment. Newsome filed this motion as a predicate to filing an application for attorney's fees under the EAJA; under then accepted practice, a claimant in a Social Security case who had obtained an order from the district

---

* Honorable Harry W. Wellford, Senior U.S. Circuit Judge for the Sixth Circuit, sitting by designation.

1. —— U.S. ——, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993).

2. R1–13–10.

3. R1–16.

4. The docket sheet entry for December 4, 1990, reads: "ORDER adopting Rpt & Rec; case remanded to Sec. cc: attys/bmm".

court remanding the case to the Secretary for further consideration did not file an application for EAJA fees until the administrative process had come to an end and the case had been returned to the district court.[5] At the Secretary's request, the district court stayed Newsome's motion for entry of final judgment pending a ruling in *Melkonyan v. Sullivan,*[6] which was then pending before the Supreme Court. After the Supreme Court issued its decision in *Melkonyan,* Newsome renewed her motion for entry of final judgment. The Secretary opposed the motion, arguing that, under *Melkonyan,* the district court's remand order of December 4, 1990, constituted the final judgment in this action and, therefore, any application for attorney's fees was untimely. The district court agreed and issued an order stating that Newsome's "motion for entry of final judgment is MOOT, since the Court entered final judgment on December 4, 1990."[7] Newsome filed this appeal.

## DISCUSSION

The EAJA provides that the district court "shall award to the prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States . . ., unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."[8] Courts have routinely awarded EAJA attorney's fees to claimants in Social Security cases who satisfy the statutory conditions. One of the statutory conditions is that the claimant file an application for fees "within thirty days of final judgment in the action."[9] The statute defines "final judgment" as "a judgment that is final and not appealable."[10] This court

has held that this timely filing requirement is jurisdictional in nature; that is, a claimant's failure to file an EAJA application within thirty days of a final judgment no longer appealable precludes the district court from considering the merits of the fee application.[11]

At the time this litigation was initiated, this circuit treated *all* remand orders from a district court to the Secretary as interlocutory orders, not as final judgments.[12] This court has explained the then prevailing procedure as follows:

> Assuming that the district court remanded the case to the Secretary for further consideration, it was commonly understood that the district court retained jurisdiction over the matter to review the Secretary's actions after remand. This procedure not only had been mandated by several federal courts including this one, but was the accepted view of the Secretary as well. In other words, it was the acknowledged rule in Social Security cases that when a district court vacated the Secretary's final decision and ordered a remand to the Secretary for further proceedings, that order (1) was a nonappealable order (at least in this circuit), (2) did not terminate the district court's jurisdiction over the matter, and (3) was not a final judgment for EAJA purposes.

> After conducting additional administrative proceedings, it was commonly accepted that the Secretary would then return to the district court and present its decision along with supporting transcripts and documents to the district court. At that point, the district court would determine whether the Secretary followed its instructions on remand and would then enter judgment affirming, modifying, or reversing the Secretary's decision. It was this order after

---

5. *See Myers v. Sullivan,* 916 F.2d 659, 672–73 (11th Cir.1990).

6. —— U.S. ——, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991).

7. R1–26.

8. 28 U.S.C. § 2412(d)(1)(A).

9. 28 U.S.C. § 2412(d)(1)(B).

10. 28 U.S.C. § 2412(d)(2)(G).

11. *Myers,* 916 F.2d at 666.

12. *Taylor v. Heckler,* 778 F.2d 674, 677 (11th Cir.1985).

the proceedings on remand that was the final, appealable decision.[13]

Thus, it was the district court's order after remand and return of the case from the Secretary that was the "final judgment" for purposes of the EAJA; the thirty days within which a claimant could file an application for attorney's fees under the EAJA began to run when this order became "final and not appealable."

The Supreme Court has put to rest what is a final judgment in a Social Security case like the one before us in its cases of *Sullivan v. Finkelstein*,[14] *Melkonyan v. Sullivan*, and *Shalala v. Schaefer*.[15] If the district court enters a "sentence four" remand order, that judgment is appealable.[16]

In *Finkelstein*, decided by the Supreme Court in 1990, the district court had entered an order implicitly invalidating certain regulations relied on by the Secretary and remanding the case to the Secretary for further consideration. The Supreme Court held that the district court's order was immediately appealable, notwithstanding that the order remanded the case to the Secretary. In so holding, the Court observed that 42 U.S.C. § 405(g) authorizes two courses of action for a district court reviewing a decision of the Secretary. First, pursuant to the fourth sentence of § 405(g), the district court may enter "a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing." Second, pursuant to the sixth sentence of § 405(g), the district court may "at any time order additional evidence to be taken before the Secretary, but only upon a showing that there is new evidence which is mate-

rial and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." The Supreme Court concluded that the district court remand order before it was entered pursuant to the fourth sentence of § 405(g) and was a final, appealable judgment.

In *Melkonyan v. Sullivan*, the Court further clarified which decision of the district court constituted the "final judgment," stating explicitly that, under § 405(g), a district court order remanding the case to the Secretary necessarily fell into one of two categories:

> [I]n *Finkelstein* we analyzed § 405(g) sentence-by-sentence and identified two kinds of possible remands under the statute. While we did not state explicitly at that time that these were the *only* kinds of possible remands permitted under the statute, we do so today. Under sentence four, a district court may remand in conjunction with a judgment affirming, modifying, or reversing the Secretary's decision. Under sentence six, the district court may remand in light of additional evidence without making any substantive ruling as to the correctness of the Secretary's decision, but only if the claimant shows good cause for failing to present the evidence earlier.[17]

The Court held that, when a remand was pursuant to sentence four, the 30–day filing period for applications for EAJA fees "begins after the final judgment ('affirming, modifying, or reversing') is entered by the [district] court and the appeal period has run, so that the judgment is no longer appealable."[18]

---

13. *Myers*, 916 F.2d at 672–73.

14. 496 U.S. 617, 110 S.Ct. 2658, 110 L.Ed.2d 563 (1990).

15. The Supreme Court in *Melkonyan* and in *Schaefer* applied the rules announced in those cases to the parties before the Court. Accordingly, we must apply the rules announced in those cases retroactively to this case. *Harper v. Virginia Department of Taxation*, — U.S. —, —, 113 S.Ct. 2510, 2517, 125 L.Ed.2d 74 (1993) ("When this Court applies a rule of federal law to the parties before it, that rule is the controlling interpretation of federal law and must be given full retroactive effect in all cases still open on

direct review and as to all events, regardless of whether such events predate or postdate our announcement of the rule.").

16. Sentence four of § 405(g) provides "[4] The [district] court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing...."

17. — U.S. at —, 111 S.Ct. at 2164 (footnote omitted).

18. — U.S. at —, 111 S.Ct. at 2165.

Although the appeal process in *Schaefer* differed from the case before us, it is nevertheless indistinguishable on its facts.[19] In *Schaefer,* the district court found that the claimant's motion for attorney's fees, which was filed after the remanded case was returned from the administrative agency, was timely. The Eighth Circuit affirmed without opinion. The Supreme Court accepted the Secretary's Petition for Writ of Certiorari and agreed with the Secretary that the district court's remand order, which was pursuant to sentence four of § 405(g), was a "final judgment." Nevertheless, the Supreme Court affirmed the lower courts, holding that the claimant's motion for attorney's fees was timely because the final judgment had not been entered in the district court pursuant to Fed.R.Civ.P. 58. The Court in effect overruled Schaefer's other arguments and further clarified *Finkelstein* and *Melkonyan.* The Court then went on to explain the reasons for its affirmance:

Finally, Schaefer argues that, even if the District Court *should* have entered judgment in connection with its April 4, 1989 order remanding the case to the Secretary, the fact remains that it did not. And since no judgment was entered, he contends, the 30–day time period for filing an application for EAJA fees cannot have run. We agree.

An EAJA application may be filed until 30 days after a judgment becomes "not appealable"—*i.e.,* 30 days after the time for appeal has ended. See

§§ 2412(d)(1)(B), (d)(2)(G); see also *Melkonyan,* 501 U.S. at ——, 111 S.Ct. at 2165. Rule 4(a) of the Federal Rules of Appellate Procedure establishes that, in a civil case to which a federal officer is a party, the time for appeal does not end until 60 days after "entry of judgment," and that a judgment is considered entered for purposes of the rule only if it has been "entered in compliance with Rul[e] 58 ... of the Federal Rules of Civil Procedure." Fed.R.App.Proc. 4(a)(1), (7). Rule 58, in turn, requires a district court to set forth every judgment "on a separate document" and provides that "[a] judgment is effective only when so set forth." *See United States v. Indrelunas,* 411 U.S. 216, 220, 93 S.Ct. 1562, 1564, 36 L.Ed.2d 202 (1973) *(per curiam).*

Since the District Court's April 4 remand order was a final judgment, *see ante,* at 2630, a "separate document" of judgment should have been entered. It is clear from the record that this was not done. The Secretary does not dispute that, but argues that a formal "separate document" of judgment is not needed for an order of a district court to *become* appealable. That is quite true, see 28 U.S.C. § 1291; *Bankers Trust Co. v. Mallis,* 435 U.S. 381, 98 S.Ct. 1117, 55 L.Ed.2d 357 (1978) *(per curiam); Finkelstein, supra,* 496 U.S. at 628, n. 7, 110 S.Ct. at 2665, n. 7, but also quite irrelevant. EAJA's 30–day time limit runs from the *end* of the period for appeal, not

---

**19.** The district court's remand order in *Schaefer* reads as follows:

### ORDER

Before the Court are defendant's objections to the Report and Recommendation of United States Magistrate J. Earl Cudd dated October 19, 1988. Magistrate Cudd recommended that the decision of the Administrative Law Judge ("ALJ") denying plaintiff disability insurance benefits under the Social Security Act, 42 U.S.C. secs. 416(i) and 423, be reversed and remanded for reevaluation by the Secretary of Health and Human Services ("Secretary").

The Magistrate concluded that such a remand was necessary for three reasons. First, the Magistrate found that the ALJ failed to evaluate plaintiff's subjective complaints of incapacitating pain in accordance with *Polaski v. Heckler,* 751 F.2d 943, 948 (8th Cir.1984). Second, the Magistrate found that the ALJ did not properly analyze plaintiff's back injuries.

Third, the Magistrate concluded that the ALJ's residual functioning capacity assessment of plaintiff's ability to engage in past relevant work was not supported on the record as a whole by the medical evidence.

After a *de novo* review of the matter, and upon consideration of the memorandum of the parties, and the entire record of the case, the Court hereby adopts the Report and Recommendation of Magistrate J. Earl Cudd dated October 18, 1988. Accordingly, IT IS HEREBY ORDERED that the Secretary's decision denying disability insurance benefits to plaintiff is reversed, that the parties' cross motions for summary judgment are denied, and that the case is remanded to the Secretary for further consideration in light of this Order.

DATED: April 4, 1989.
*Sullivan v. Schaefer* Petition for Writ of Certiorari, Appendix E.

the *beginning.* Absent a formal judgment, the District Court's April 4 order remained "appealable" at the time that Schaefer filed his application for EAJA fees, and thus the application was timely under § 2412(d)(1).*Fn

> [*Footnote] We disagree with Justice STEVENS' assertion that "the respondent has prevailed precisely *because* the District Court in this case did enter a remand order without entering a judgment." *Post,* [—— U.S. at ——], n. 2, 113 S.Ct. at 2633, n. 2 (emphasis in original). By entering a sentence-four remand order, the District Court did enter a *judgment;* it just failed to comply with the formalities of Rule 58 in doing so. That was error but, as detailed in the text, the relevant rules and statutes impose the burden of that error on the party seeking to assert an untimeliness defense, here the Secretary. Thus, contrary to Justice STEVENS' suggestion, *see post,* [—— U.S. at ——, 113 S.Ct.] at 2633, n. 2, our ruling in favor of respondent is not at all inconsistent with the proposition that sentence four and sentence six provide the exclusive methods by which district courts may remand a § 405 case to the Secretary.[20]

In the case before us, the judgment reflected in the district court's December 4, 1990 order did not commence the time period for the filing of an appeal, the judgment remains "appealable," and the 30-day period for filing an application for EAJA fees has not begun to run. On remand, the district court should treat the claimant's Amended Motion for Entry of Final Judgment filed July 12, 1991[21] as a request for entry of judgment as required by Rule 58. This separate document will constitute the "final judgment" in this case for purposes of the EAJA when entered on the docket as required in Rule 79.

## CONCLUSION

The district court's orders were correct when entered but intervening law effected changes which require us to remand the case for the purpose of entry of a final judgment in compliance with Rule 58, as explained in *Schaefer.* As stated earlier, the definition of a final judgment elucidated by *Finkelstein, Melkonyan,* and *Schaefer* is based upon a Congressional statute which requires that a certain type of Social Security order be considered a final judgment. In this case, the district court's order of December 4, 1990 was an "appealable order" but because of non-compliance with Rules 58 and 79(a) of the Federal Rules of Civil Procedure, there was no "formal" judgment. The holdings in this opinion are confined to Social Security cases.

The case is REMANDED to the district court for the entry of a formal judgment in favor of the claimant.

---

**20.** —— U.S. at ——, 113 S.Ct. at 2632.

