**Lia YANG, Plaintiff–Appellant,**

v.

**Donna E. SHALALA, HHS, Secretary, Defendant–Appellee.**

**No. 93–16161.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 10, 1994.

Decided April 18, 1994.

Tom Weathered, San Francisco, CA, and Judith A. Sanders, Fresno, CA, for plaintiff-appellant.

Frank W. Hunger, Asst. Atty. Gen., Richard K. Waterman and Jerry J. Bassett, U.S.

Dept. of Health and Human Services, San Francisco, CA, for defendant-appellee.

Before: ALDISERT *, WIGGINS, and BRUNETTI, Circuit Judges.

WIGGINS, Circuit Judge:

Lia Yang moved for attorneys' fees under the Equal Access to Justice Act (EAJA). The district court denied her motion, finding that the position of the Secretary of Health and Human Services (Secretary) was substantially justified. Yang appeals. We have jurisdiction pursuant to 28 U.S.C. § 1291. We reverse and remand.

## I.

Yang was born in Laos, apparently on September 24, 1919. She is a member of the Hmong tribe, an ethnic and language minority indigenous to remote areas within Laos. No birth certificate was prepared at the time of her birth. According to Yang, a birth record was prepared for her in 1962 pursuant to a law passed by the Laotian government in 1955. This birth record shows a September 24, 1919 date of birth.

Yang fled Laos after the Vietnamese invaded. In the process of fleeing, she left behind all of her possessions, including the birth record prepared in 1962. She entered a refugee camp in Thailand where her year of birth was recorded as 1929.

Yang was granted entry into the United States and arrived in December of 1979. Her original immigration papers recorded her year of birth as 1929. Her initial Social Security Number application apparently also marked her year of birth as 1929. This initial Social Security Number application is not in the administrative record, nor has it ever been produced by the Social Security Administration (SSA). Later, her son mailed to her the Laotian birth record prepared in 1962. Yang had her immigration papers and

Social Security record amended to reflect her apparently correct year of birth, 1919.

On September 10, 1984, Yang applied for supplemental security income (SSI) benefits based on age under Title XVI of the Social Security Act (the Act). Her claim for SSI benefits was granted and she began receiving payments. Yang then moved from Washington to California, and applied for a replacement social security card. Questioning her Laotian birth record, the California office sent it with a translation request to the SSA's Central Translation Services office. The translation was completed and returned, and made no note of any irregularity. Nevertheless, the California office rejected the Laotian birth record. Yang's SSI benefits were terminated because the SSA decided that she was not yet 65 years of age.

Yang moved for reconsideration, which was denied. Yang requested de novo review by an administrative law judge (ALJ). She offered five forms of evidence in support of her 1919 birth date: (1) her Laotian birth record prepared in 1962; (2) an order of the California Superior Court establishing her date of birth as September 14, 1919; (3) the declaration of a former Laotian judge supporting the authenticity of the Laotian birth record; (4) her own testimony that she arrived in the United States as a refugee, having left behind all of her possessions, including her Laotian birth record, when she fled Laos during the Vietnamese invasion; and (5) testimony from two of her sons corroborating her testimony. Nonetheless, the ALJ affirmed. The ALJ held that the evidence that she was born in 1919 was insufficient to offset the evidence that she was born in 1929. Specifically, the ALJ found that the initial Social Security Number application was determinative. The Appeals Council denied Yang's request for review of the ALJ's decision. The ALJ's ruling became the final decision of the Secretary.

Yang challenged the Secretary's decision in the district court. The district court referred to Magistrate Christensen the cross-motions for summary judgment. The magis-

* Hon. Ruggero J. Aldisert, Senior United States Circuit Judge for the Third Circuit, sitting by designation.

trate issued his recommendation that the case be remanded for further proceedings. The magistrate concluded that the ALJ should have given "full faith and credit" to the state court order. The magistrate explained, "While such state court order is not binding and does not preclude the Secretary from an independent weighing of the evidence, the Secretary, however, must start the weighing process by presuming that claimant was born on September 14, 1919." The magistrate found that the ALJ further erred by placing so much weight on the initial Social Security Number application because it did not appear in the administrative record. The district court adopted the magistrate's recommendation on July 25, 1988.

On remand, the ALJ determined that there was no evidence to rebut the presumption that Yang's year of birth is 1919. The Appeals Council agreed that her SSI benefits should be reinstated. On May 11, 1989, the district court adopted the Appeals Council decision and entered judgment in Yang's favor.[1]

On June 9, 1989, Yang filed her application for attorneys' fees under the EAJA, 28 U.S.C. § 2412(d)(1)(A).[2] The Secretary opposed the EAJA application on the ground that the Secretary's position was substantially justified. On July 28, 1989, the district court denied Yang's application for attorneys' fees on the ground that the motion was not timely filed.[3]

Yang filed a motion for reconsideration under Fed.R.Civ.P. 59(e). The district court stayed the matter until final disposition of *Melkonyan v. Sullivan,* then pending and now reported at 501 U.S. 89, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991). When the stay was lifted, Magistrate Beck issued his recommendation that the application for attorneys' fees be denied. The magistrate concluded that although the application was timely filed, the Secretary's position was substantially justified. The district court adopted the magistrate's recommendation. Yang filed a timely notice of appeal.

## II.

A. Was Yang's Application for EAJA attorneys' fees timely filed?

■ The district court's statutory construction of the EAJA is reviewed de novo. *United States v. 50.50 Acres of Land,* 931 F.2d 1349, 1356 (9th Cir.1991).

The Secretary contends that Yang's application for EAJA attorneys' fees was not timely filed.[4] On July 25, 1988, the district court issued its order reversing the ALJ's decision and remanding for further proceedings. This remand order was a final judgment. *Melkonyan,* 501 U.S. at 99–103, 111 S.Ct. at 2164–65. Thus, the Secretary had until September 25, 1988 to file an appeal. *See* Fed.R.App.P. 4(a)(1). Because the Secretary did not file an appeal, Yang had until October 25, 1988 to apply for EAJA attorneys' fees. *See* 28 U.S.C. §§ 2412(d)(1)(B),

---

**1.** The Secretary correctly points out that this judgment is gratuitous and of no legal import. The judgment is unnecessary because the district court did not have jurisdiction over the case. The district court could not have retained jurisdiction because it remanded under sentence four of 42 U.S.C. § 405(g). *See Shalala v. Schaefer,* — U.S. —, —, 113 S.Ct. 2625, 2629, 125 L.Ed.2d 239 (1993).

**2.** Section 2412(d)(1)(A) of 28 U.S.C. provides, "[A] court shall award to a prevailing party other than the United States fees and other expenses ... incurred by that party in any civil action (other than cases sounding in tort) ... brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."

**3.** A party seeking an award of EAJA attorneys' fees must submit an application within thirty days of final judgment in the action. 28 U.S.C. § 2412(d)(1)(B).

**4.** Although the Secretary did not cross-appeal, the Secretary may challenge the timeliness of Yang's application because the thirty-day limitation period for submitting an EAJA application is jurisdictional. *Columbia Mfg. Corp. v. NLRB,* 715 F.2d 1409, 1410 (9th Cir.1983) (per curiam). A party may question the existence of subject matter jurisdiction at any time during the proceedings. *May Dep't Store v. Graphic Process Co.,* 637 F.2d 1211, 1216 (9th Cir.1980). We review de novo the existence of subject matter jurisdiction. *Building Material & Dump Truck Drivers, Local 420 v. Traweek,* 867 F.2d 500, 505 (9th Cir.1989).

2412(d)(2)(G) (the 30–day period for applying for EAJA attorneys' fees runs from the date judgment is final and not appealable); *Shalala v. Schaefer*, —— U.S. ——, ——, 113 S.Ct. 2625, 2629, 125 L.Ed.2d 239 (1993) ("[W]hen the time for seeking appellate review has run, the sentence-four judgment fits squarely within the term 'final judgment' as used in § 2412(d). . . ."); *Melkonyan*, 501 U.S. at 102, 111 S.Ct. at 2165 ("In sentence four cases, the filing period begins after the final judgment ('affirming, modifying, or reversing') is entered by the court and the appeal period has run, so that the judgment is no longer appealable.").

Yang does not dispute that the district court's July 25, 1988 remand order should have started the 60–day appeal clock running, ultimately triggering the 30–day period for applying for EAJA attorneys' fees. Yang contends, however, that the July 25, 1988 remand order did not start the appeal clock running, and thus never triggered the 30–day period for applying for EAJA attorneys' fees, because the remand order was never set forth on a separate document. *See* Fed. R.Civ.P. 58. She argues that the remand order remains appealable. *Schaefer*, —— U.S. at ——, 113 S.Ct. at 2632. Consequently, the end of the period for appeal could not have been reached. In *Schaefer*, the Court explained, "EAJA's 30–day time limit runs from the *end* of the period for appeal, not the *beginning*. Absent a formal judgment, [the district court's remand order] remained 'appealable' at the time that [claimant] filed his application for EAJA fees, and thus the application was timely under § 2412(d)(1)." *Id.* Thus, Yang concludes, her application for EAJA attorneys' fees was timely.

The Secretary counters that Yang's otherwise untimely application for attorneys' fees cannot be rendered timely by Rule 58. The Secretary asserts that *Schaefer* is distinguishable. Specifically, the Secretary argues that Rule 58 was satisfied in the instant case. The district court's remand order which adopted the magistrate's recommendation *was* the separate document. *See Mason v. Groose*, 942 F.2d 515, 516 (8th Cir.1991)

(finding that an "order" which simply adopts a magistrate's report and recommendation by reference is a separate document for Rule 58 purposes), *cert. denied*, —— U.S. ——, 112 S.Ct. 891, 116 L.Ed.2d 794 (1992); *Laidley v. McClain*, 914 F.2d 1386, 1390 (10th Cir.1990); *United States v. Perez*, 736 F.2d 236, 238 (5th Cir.1984) (per curiam). In support of this analysis, the Secretary stresses that the district court's July 25, 1988 order was a "terse, *pro forma* document that did not contain any analysis of the issues, but merely adopted the magistrate's recommendation of remand." And, it was entered in compliance with Fed. R.Civ.P. 79(a). Thus, the Secretary concludes, the district court's July 25, 1988 remand order constituted a Rule 58 separate document.

■ The issue before the court then is whether a remand order is a separate document for Rule 58 purposes where the remand order consists only of a district court's adoption of a magistrate's recommendation. This is an issue of first impression in the Ninth Circuit. In *Newsome v. Shalala*, 8 F.3d 775 (11th Cir.1993), the Eleventh Circuit held that such a remand order is not a separate document for Rule 58 purposes.[5] We choose to adopt the Eleventh Circuit's holding.

Although *Schaefer* does not indicate that the district court's remand order in *Schaefer* was simply an adoption of a magistrate's recommendation, it was. *Sullivan v. Schaefer* Petition for Writ of Certiorari, Appendix E (duplicated in *Newsome*, 8 F.3d at 779 n. 19). The Eleventh Circuit relied on this fact to infer that the Court implicitly held that a remand order which consists only of a district court's adoption of a magistrate's recommendation is not a separate document for Rule 58 purposes. We concur in this inference.

Accordingly, Rule 58's separate document requirement was not satisfied. The 30–day period for applying for EAJA attorneys' fees never began to run. There was no deadline for filing the application. Thus, we find that Yang's application for EAJA attorneys' fees was timely filed. Consequently, we must

---

**5.** We note that the *Newsome* court limited its holding to Social Security cases and to its nar-

row facts. *Newsome*, 8 F.3d at 776. We take no position with regard to this limitation.

now determine whether the district court erred by finding that the Secretary's position was substantially justified.

## B. Was the Secretary's Position Substantially Justified?

We review the district court's decision that the Secretary's position was substantially justified for an abuse of discretion. *Williams v. Bowen*, 966 F.2d 1259, 1260 (9th Cir.1991). " 'There is an abuse of discretion when a judge's decision is based on an erroneous conclusion of law or when the record contains no evidence on which he rationally could have based that decision.' " *Bay Area Peace Navy v. United States*, 914 F.2d 1224, 1230 (9th Cir.1990) (quoting *In re Hill*, 775 F.2d 1037, 1040 (9th Cir.1985)).

▪ The burden is on the Secretary to prove that her position was substantially justified. *United States v. $12,248 U.S. Currency*, 957 F.2d 1513, 1517 (9th Cir.1991); *Russell v. Sullivan*, 930 F.2d 1443, 1445 (9th Cir.1991). To meet this burden, the Secretary must prove that her position had a reasonable basis in both law and fact. *Pierce v. Underwood*, 487 U.S. 552, 565, 108 S.Ct. 2541, 2550, 101 L.Ed.2d 490 (1988); *Barry v. Bowen*, 825 F.2d 1324, 1330 (9th Cir.1987).

▪ Yang contends that the Secretary failed to prove that her position was substantially justified. We agree. The Secretary's position was not supported by a reasonable basis in law. First, she failed to make her determination on the basis of evidence adduced at the hearing. Specifically, the Secretary assigned great probative weight to the initial Social Security Number application, which did not appear in the administrative record. Furthermore, the Secretary declined to give any weight to the state court order, which did appear in the record. This failure by the Secretary to make her determination on the basis of evidence adduced at the hearing deprived Yang of her due process rights. *See Jordan v. City of Lake Oswego*, 734 F.2d 1374, 1376 (9th Cir.1984) (holding that due process entitles plaintiff to a reasonable decisionmaker who will base her decision upon the evidence presented at the hearing). In addition, the Secretary's failure to make her determination on the basis of evidence adduced at the hearing also violated the Act and a SSA regulation. *See* 42 U.S.C. § 405(b)(1) (providing that the Secretary shall make her determination "on the basis of evidence adduced at the hearing"); 20 C.F.R. § 404.953(a) (providing that "[t]he [ALJ's] decision must be based on evidence offered at the hearing or otherwise included in the record").

Second, the Secretary violated other SSA regulations. *See* 20 C.F.R. § 416.801–806 (evaluating the probativeness of different types of evidence of age). For example, the Secretary failed to require that evidence other than a public or religious record established before the claimant's fifth birthday be corroborated by other evidence in the administrative record. *See* 20 C.F.R. § 416.802. Specifically, the Secretary found determinative the initial Social Security Number application, which was not corroborated. Indeed, the evidence itself was not even in the record. (Moreover, the Secretary ignored the Laotian birth record prepared in 1962, which was corroborated by several sources.[6] And, the Laotian birth record had been accepted as authentic by a California state court and the Immigration and Naturalization Service.) Similarly, the Secretary failed to accept a "delayed birth certificate" as evidence of age. *See* 20 C.F.R. § 416.803. Specifically, the Secretary rejected Yang's Laotian birth record prepared in 1962 as evidence that she was born in 1919.

Thus, the Secretary's position was based on violations of the Constitution, the Act, and several SSA regulations. Accordingly, we find that the district court abused its discretion by finding that the Secretary's position was reasonably based in law. Most importantly, the Secretary violated Yang's due process rights by not making the determination based on evidence adduced at the hearing. This denial of Yang's due process rights precludes a finding that the Secretary's position was substantially justified. *See $12,248 U.S. Currency*, 957 F.2d at 1517. "[I]f ... a *due*

---

6. The Laotian birth record prepared in 1962 was corroborated by several sources: (1) SSA's own

Central Translation Services office; (2) a former Laotian judge; and (3) Yang's two sons.

*process* violation is not enough to trigger a finding that the government was not 'substantially justified' under the EAJA, the EAJA would amount to nothing but a hollow statutory shell offering little of substance to prevailing parties." *Id.* at 1517–18 n. 5.

## CONCLUSION

For the foregoing reasons, we reverse. The district court improperly denied Yang attorneys' fees under the EAJA. Yang's application was timely filed, and the Secretary's position was not substantially justified. We remand for a determination of the amount of EAJA attorneys' fees owed to Yang.

REVERSED and REMANDED.