33 F.3d 59
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Janis N. THURMAN, Plaintiff-Appellant,
v.
Donna E. SHALALA,* Secretary, Department of
Health and Human Services, Defendant-Appellee.
 No. 92-36686.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 2, 1994.
Decided Aug. 24, 1994.
 
 Before: GOODWIN, SCHROEDER, and NORRIS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 This is an appeal from the district court's denial of attorney's fees in a Social Security case. We reverse and remand with an instruction to award fees, because the district court had jurisdiction to entertain appellant's fee application, and because the Secretary's original position was not substantially justified.
 
 I. FACTS
 
 3
 Janis Thurman first applied for disability benefits on July 11, 1988, claiming disability due to morbid obesity, high blood pressure and depression. The Secretary of Health and Human Services denied her application. Thurman appealed this decision in federal district court. The district court remanded the case pursuant to sentence 4 of 42 U.S.C. Sec. 405(g), and directed the Secretary to collect further evidence to determine how Thurman's established impairments affected her ability to perform substantial gainful activity. On remand, in an opinion dated February 6, 1992, the Administrative Law Judge awarded claimant disability benefits commencing July 11, 1988, the date of her original application, without further hearing. The ALJ relied upon the fact that claimant's treating physician, Dr. Mixon, had continued to treat her for depression since her original hearing in 1989.
 
 
 4
 Within 30 days of the time that the ALJ's decision awarding her benefits became final and unappealable, claimant returned to district court and filed an application for attorney's fees under the Equal Access to Justice Act, which authorizes fees in favor of a party who prevails against the United States Government unless the government's position was "substantially justified." 28 U.S.C. Sec. 2412(d)(1)(A). The magistrate judge first concluded that the district court's remand order was in the nature of an interim order, and that the district court did in fact retain jurisdiction to consider plaintiff's EAJA petition. Having determined that claimant's petition was timely filed, the magistrate judge nevertheless recommended that her petition be denied, on the ground that the Secretary's original position denying benefits was substantially justified. The magistrate judge's report and recommendation was adopted by the district court. Thurman now appeals this decision.
 
 II. JURISDICTION
 
 5
 The EAJA provides that a "prevailing party" must file an application for attorney's fees in the appropriate court "within 30 days of final judgment in the action...." 28 U.S.C. Sec. 2412(d)(1)(B). The government's primary argument is that the district court lacked jurisdiction to consider Thurman's EAJA petition because it was not filed within 30 days of the relevant "final judgment" in the action, in this case, the district court's 1991 remand order. The government points to the Supreme Court's decision in Shalala v. Schaefer, 113 S.Ct. 2625 (1993), which establishes that when a case is remanded pursuant to sentence 4 of Sec. 405(g), the "final judgment" for EAJA purposes is that remand order. As the Court's precise holding in Schaefer makes clear, however, a sentence 4 remand order is not "final," and the period for filing an EAJA petition does not begin to run, until judgment is formally entered in compliance with Fed.R.Crim.P. 58. Schaefer, 113 S.Ct. at 2632.
 
 
 6
 The district court's remand order that is entered on the docket sheet in this case reads:
 
 
 7
 The court has reviewed the entire file herein, including the administrative record, the memoranda of plaintiff and defendant and the report and recommendation of the United States magistrate judge, therefore, it is hereby
 
 ORDERED
 
 8
 1. Said report and recommendation of the United States Magistrate Judge is hereby approved and adopted by this court.
 
 
 9
 2. This matter is remanded to the Secretary for further proceedings consistent with the report of the magistrate judge.
 
 
 10
 3. The clerk shall direct copies of this order to counsel for both parties.
 
 
 11
 Dated this 27th day of November 1991.
 
 
 12
 Following the Eleventh Circuit's decision in Newsome v. Shalala, 8 F.3d 775 (11th Cir.1993), this court recently held that an order adopting a magistrate's report and recommendation does not satisfy Rule 58, because it is not a judgment "set forth on a separate document" as Rule 58 requires. Yang v. Shalala, 22 F.3d 213, 216 (9th Cir.1994). Just as in Yang and Newsome, then, the district court in this case failed to enter a "final judgment" in compliance with Rule 58. Thus, EAJA's 30-day period for requesting attorney's fees has not yet expired, and Thurman's EAJA petition was timely.
 
 III. SUBSTANTIAL JUSTIFICATION
 
 13
 On the merits, we disagree that the Secretary's original decision in this case was substantially justified, and we therefore hold that the district court erred in failing to award Thurman attorney's fees.
 
 
 14
 At the time of the Secretary's original decision, the evidence established that Thurman suffered from gross obesity, high blood pressure, and depression. Thurman also testified that she experienced pain in her hips, knees and ankles, and that she was unable to stand, sit or walk for extended periods. Only two doctors testified as to Thurman's condition. Dr. Mixon, claimant's treating physician, concluded in August 1988 that "Ms. Thurman's depression appears to be her primary debilitating factor, and from a practical standpoint, between the depression and the morbid obesity, she is unemployable." Dr. Adele Reese, who performed a consultive psychiatric evaluation at the request of the ALJ after Thurman's July 1989 hearing, diagnosed Thurman as suffering from a major depressive episode in partial remission, personality disorder, and morbid obesity. Dr. Reese felt that Thurman would benefit from counseling. The ALJ did not seek the advice of a vocational expert.
 
 
 15
 Thus, all of the medical evidence before the ALJ suggested that Thurman suffered from a severe impairment and was unable to engage in substantial gainful activity: no doctors testified to the contrary. The government's position is "substantially justified" only if there is a "genuine dispute" such that "reasonable people could differ" about the correctness of a given position. Pierce v. Underwood, 487 U.S. 552, 565 (1988). Because all of the evidence supported a finding of disability in Thurman's case, the Secretary was not "substantially justified" in ruling to the contrary. This conclusion is supported by the fact that on remand, the Secretary awarded Thurman benefits outright, without further hearing, based only on "additional evidence" that Dr. Mixon had continued to treat Thurman for major depression. Thurman is entitled to an award of attorney's fees, which the district court shall calculate on remand.
 
 
 16
 REVERSED AND REMANDED.
 
 
 
 *
 Donna E. Shalala, the current Secretary of HHS, is substituted for former Secretary Sullivan. See Fed.R.App.Pro. 43(c)(1)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3