70 F.3d 1279
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jean M. RINGLE, Plaintiff-Appellant,
v.
Shirley S. CHATER, Commissioner of Social Security,
** Defendant-Appellee.
 No. 94-35722.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 16, 1995.*
Decided Nov. 24, 1995.
 
 Before: BOOCHEVER, FERNANDEZ and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 We review a district court's denial of attorney's fees under the Equal Access to Justice Act for abuse of discretion. Williams v. Bowen, 966 F.2d 1259, 1260-61 (9th Cir.1991); Yang v. Shalala, 22 F.3d 213, 217 (9th Cir.1994). Under the Equal Access to Justice Act, 28 U.S.C. Sec. 2412(d), Ms. Ringle, having prevailed, is entitled to attorney's fees "unless the court finds that the position of the United States was substantially justified." 28 U.S.C. Sec. 2412(d)(1)(A). The magistrate judge concluded that, even though we had held that the Secretary's denial of benefits was not sustainable, nevertheless the government had borne its burden of demonstrating that its position was substantially justified. We conclude that the magistrate judge did not abuse her discretion.
 
 
 3
 "The government's failure to prevail [on the merits] does not raise a presumption that its position was not substantially justified." Kali v. Bowen, 854 F.2d 329, 332 (9th Cir.1988). "Conceivably, the Government could take a position that is not substantially justified, yet win; even more likely, it could take a position that is substantially justified, yet lose." Pierce v. Underwood, 487 U.S. 552, 569 (1988).
 
 
 4
 As the magistrate judge noted, the question of whether Ms. Ringle was disabled from returning to her past work as a schoolteacher depended on the truthfulness of her subjective reports that fatigue and pain prevented her from doing so. Her own description of how she spent her time since quitting raised a substantial question whether that was so. She testified that she rode horses about every other day. She rides English saddle, requiring intense control of her posture and her grip of her horse with her legs. In addition to her extensive horseback riding, she cooks, gardens a little, and plays bridge.
 
 
 5
 The medical reports were less than overwhelming. No medical doctor, prior to her quitting her job and applying for disability payments, diagnosed any condition disabling Ms. Ringle from working. She quit in 1982 and applied in 1988. Her osteopath, Dr. Gilman, concluded in 1988 that "Mrs. Ringle at this time will not well handle physical activities that are either stressful or physically demanding at more that [sic] light manual labor to sedentary."
 
 
 6
 Her medical doctor, Dr. Ruark, found normal range of motion and strength in her shoulder despite her complaints of pain. He also noted that her "complex symptomatology" was "most compatible with fibromyalgia." Although he believed Ms. Ringle's reports of pain to be "sincere," he thought that "[a]t this time these difficulties are well controlled." In 1989, almost two years after her disability insurance benefits period was over, these two doctors opined that Ms. Ringle could not work. The record includes statements in the medical literature submitted that fibromyalgia "is common and is not crippling," AR 359, patients "should be encouraged ... to avoid using the diagnosis as a means of avoiding unwelcome tasks," AR 394, there are "no fully accepted diagnostic criteria for fibromyalgia," AR 356, and it has only been in the 1980's that "fibromyalgia syndrome ... has been emerging from the realm of vague, controversial disorders," AR 363.
 
 
 7
 The dependence of the diagnosis of fibromyalgia on Ms. Ringle's subjective complaints, the lack of objective support for them, and the inconsistency of her activities with her complaints, furnished a substantial justification for the government challenge to her claim for benefits. Because the magistrate judge did not abuse her discretion in denying attorney's fees, a fortiori we do not award them on appeal.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 Pursuant to Public Law No. 103-296, the Social Security Independence and Program Improvements Act of 1994, the function of the Secretary of Health and Human Services in Social Security cases was transferred to the Commissioner of Social Security, effective March 31, 1995. In accordance with Section 106(d), the Commissioner of Social Security should be substituted for the Secretary of Health and Human Services as the defendant in this action. No further action need be taken to continue this suit. Id
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3