**Malinn CISNEROS, Plaintiff—Appellant,**

v.

**Kenneth S. APFEL, Commissioner, Defendant—Appellee.**

**No. 04–16767.**

United States Court of Appeals, Ninth Circuit.

Submitted June 15, 2006.*

Filed June 19, 2006.

James Hunt Miller, Esq., Oakland, CA, for Plaintiff–Appellant.

John Cusker, Social Security Administration Office of the General Counsel, San Francisco, CA, for Defendant–Appellee.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: GOODWIN, O'SCANNLAIN, and THOMAS, Circuit Judges.

MEMORANDUM **

Malinn Cisneros appeals the district court's denial of her renewed application for attorney's fees under the Equal Access to Justice Act ("EAJA"). We affirm. Because the parties are familiar with the factual and procedural history of this case, we will not recount it here.

Under the EAJA, "a court shall award to a prevailing party other than the United States fees and other expenses ... unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). In analyzing a petitioner's entitlement to fees, we " 'must focus on two questions: first, whether the government was substantially justified in taking its original action; and, second, whether the government was substantially justified in defending the validity of the action in court.' " *Gutierrez v. Barnhart,* 274 F.3d 1255, 1259 (9th Cir. 2001) (quoting *Kali v. Bowen,* 854 F.2d 329, 332 (9th Cir.1988)).

We review the district court's denial of fees under the EAJA for an abuse of discretion, and reversal is only warranted if we have a definite and firm conviction that the district court committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors. *SEC v. Coldicutt,* 258 F.3d 939, 941 (9th

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

Cir.2001). Cisneros contends that the district court erred as a matter of law in its analysis, and that *de novo* review is required. However, the alleged errors on which Cisneros relies do not involve interpretation of the EAJA itself; therefore *de novo* review is not warranted. *Yang v. Shalala,* 22 F.3d 213, 215 (9th Cir.1994).

After a careful review of the record, our prior decision, and the district court opinion, we cannot say that the district court abused its discretion in concluding that the government's position in this case was substantially justified even though the petitioner ultimately prevailed in her claim. The government's position—both at the agency level and in defense of the decision on appeal-arguably had a reasonable basis in fact and law.

**AFFIRMED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.