**1328**

interlocutory review under 28 U.S.C. § 1292(b).

**Julian RUELAS, Plaintiff,**

v.

**Shirley S. CHATER, Commissioner of Social Security Administration,[1] Defendant.**

**No. CV 95–1221–RC.**

United States District Court, C.D. California.

Sept. 29, 1997.

Peter L. Lago, Downey, CA, for plaintiff.

William B. Spivak, Jr., Asst. U.S. Atty., Office of U.S. Atty., Los Angeles, CA, for defendant.

## MEMORANDUM DECISION AND ORDER ON ATTORNEYS FEES

CHAPMAN, United States Magistrate Judge.

On August 18, 1997, plaintiff Julian Ruelas filed a motion to award attorneys fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, seeking attorneys fees in the amount of $806.00. Attached to the motion is the declaration of plaintiff's attorney, Peter L. Lago, setting forth the attorneys fees he has already collected, his regular hourly rate, as well as the time spent in representing plaintiff in this matter. On September 3, 1997, defendant filed an opposition to plaintiff's motion. The plaintiff has not filed a response.

## BACKGROUND

On February 27, 1995, plaintiff Julian Ruelas filed a complaint seeking review of the Commissioner's denial of disability benefits to him under Titles II and XVI of the Social Security Act. After consideration of the parties' cross-motions for summary judgment, Magistrate Judge Rosalyn M. Chapman[2] granted plaintiff's motion for summary judgment, reversed the Commissioner's decision, and ordered that Judgment be entered in favor of plaintiff. The Judgment in favor of plaintiff was entered on March 18, 1996.

---

**1.** Pursuant to P.L. No. 103–296, the Social Security Independence and Program Improvements Act of 1994, the function of the Secretary of Health and Human Services in Social Security cases was transferred to the Commissioner of Social Security Administration, effective March 31, 1995. In accordance with Section 106(d) of P.L. 103–296, Shirley S. Chater, Commissioner of Social Security Administration, has been substituted for Donna E. Shalala, Secretary of Health and Human Services, as the defendant in this action. Fed.R.Civ.P. 25(d).

**2.** The parties have consented to a Magistrate Judge pursuant to 28 U.S.C. § 636(c).

## DISCUSSION

The Equal Access to Justice Act was enacted by Congress to reduce the chance that "the expense involved in securing vindication of . . . rights" would deter defenses against unreasonable governmental action. *Wolverton v. Heckler,* 726 F.2d 580, 582 (9th. Cir. 1984) (citing H.R.Rep. No. 1418, 96th Cong., 2d Sess., at 5 (1980), reprinted in 1980 U.S.Code Cong. and Adm. News 4984). Under EAJA, the prevailing party is entitled to an award of attorney fees and costs unless the position of the government was substantially justified or special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A).

A party seeking an award of attorneys fees under the EAJA "shall, within thirty days of final judgment in the action, submit to the court an application for fees . . . which shows that the party is the prevailing party and is eligible to receive an award under this subsection, and the amount sought, including an itemized statement from an attorney . . . stating the actual time expended and the rate at which fees and other expenses were computed . . . ." 28 U.S.C. § 2412(d)(1)(B). The term "final judgment" is defined as follows: " 'final judgment' means a judgment that is final and not appealable, and includes an order of settlement." 28 U.S.C. § 2412(d)(2)(G).

"Rule 4(a) of the Federal Rules of Appellate Procedure establishes that, in a civil case to which a federal officer is a party, the time for appeal does not end until 60 days after 'entry of judgment,' and that a judgment is considered entered for purposes of the rule only if it has been 'entered in compliance with Rule[e] 58 . . . of the Federal Rules of Civil Procedure.' Rule 58, in turn, requires a district court to set forth every judgment 'on a separate document' and provides that '[a] judgment is effective only if so set forth.' " *Shalala v. Schaefer,* 509 U.S. 292, 302–03, 113 S.Ct. 2625, 2632, 125 L.Ed.2d 239 (1993). Here, there is no dispute that judgment was entered on March 18, 1996, and that thirty days since the entry of final judgment have long since passed.

"[T]he thirty day limitation period under the EAJA for submitting fee applications is jurisdictional. Therefore, it should be narrowly construed." *Auke Bay Concerned Citizen's Advisory Council v. Marsh,* 779 F.2d 1391, 1393 (9th Cir.1986); *Schaefer,* 509 U.S. at 302–03, 113 S.Ct. at 2632; *Columbia Mfg. Corp. v. NLRB,* 715 F.2d 1409, 1410 (9th Cir.1983); *Sneede v. Coye,* 856 F.Supp. 526, 533 (N.D.Ca.1994). The instant motion is, thus, untimely and this Court has no jurisdiction to reach its merits.

## ORDER

The plaintiff's motion for attorneys fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d), is dismissed for lack of subject matter jurisdiction.