**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| PRESERVATION OF LOS OLIVOS and PRESERVATION OF SANTA YNEZ, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF THE INTERIOR; et al., <br><br> Defendants-Appellees. | No.   15-55486 <br><br> D.C. No. 2:06-cv-01502-JVS-SH <br><br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

Submitted January 12, 2017**
Pasadena, California

Before: KOZINSKI, McKEOWN, and WATFORD, Circuit Judges.

The district court correctly denied plaintiffs' request to reopen this case.

Plaintiffs initially challenged a 2006 decision of the Interior Board of Indian

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Appeals (IBIA). The district court vacated that decision and remanded the case to the IBIA, which issued a superseding decision in 2014. Plaintiffs may attempt to challenge the IBIA's 2014 decision by filing a new action in the district court, but they may not do so, as they have attempted to do here, by "reopening" an earlier action that had already concluded.

Contrary to plaintiffs' contentions, their initial 2006 action did not remain pending in the district court after 2008. The district court's decision of July 9, 2008, which granted in part and denied in part plaintiffs' motion for summary judgment, was a final judgment. *See* Fed. R. Civ. P. 58(c)(2)(B) (stating that a judgment is entered after 150 days even if no separate document is filed). The court's decision resolved all of the claims raised in plaintiffs' motion for summary judgment and remanded the case to the IBIA. A district court generally does not retain jurisdiction after an action is remanded to an agency. *Zheng v. Ashcroft*, 383 F.3d 919, 921 n.2 (9th Cir. 2004) (per curiam). Additionally, plaintiffs treated the decision as a final judgment by seeking attorney's fees under the Equal Access to Justice Act. *See Casey v. Albertson's Inc.*, 362 F.3d 1254, 1259 (9th Cir. 2004).

**AFFIRMED.**